**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **JOHN WILLIAM GARTRELL**, Defendant–Appellant

NO. 15518

(CASE NO. TR10 of 6/24/91)

MARCH 12, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE
SPENCER, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

Defendant John Gartrell (Gartrell) appeals the district court's June 24, 1991 judgment adjudicating him guilty of violating Hawai'i Revised Statutes (HRS) § 291C–15 (1985). Gartrell contends that the district court reversibly erred when it granted the State's pretrial Motion to Amend Charge. We disagree and affirm.

On September 3, 1990, the automobile Gartrell was driving struck a telephone pole. He was cited for violating HRS § 291C–13 and –14 (1985). These statutory provisions specify a driver's duty to give information and render aid when involved in "an accident resulting only in damage to . . . property which is . . . attended by any person."

On December 19, 1990, Gartrell filed a Motion to Dismiss Complaint in which he correctly pointed out that HRS § 291C–13 and –14 did not apply to his accident. On January 23, 1991, the State responded with a Motion to Amend Charge to allege a violation of HRS § 291C–15. That statutory section specifies a driver's duty when involved in "an accident with any . . . property which is unattended resulting in any damage to the other . . . property[.]" A first time violator of HRS § 291C–13 may be fined not more than $100 or imprisoned not more than ten days, HRS §§ 291C–13 and –161(c) (1985). A first time violator of HRS § 291C–15 may be fined not more than $100, HRS § 291C–161(b) (1985). On March 11, 1991, Gartrell filed a memorandum in opposition to the State's motion contending that Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f) did not authorize the State's motion. After the State's motion was heard and granted, Gartrell was tried, found guilty of violating HRS § 291C–15, and sentenced.

In this appeal, Gartrell contends that HRPP Rule 7(f) did not permit the district court to allow the State to amend the charge. HRPP Rule 7(f) states as follows: "The court may permit a charge other than an indictment to be amended at any time before verdict

or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Gartrell does not contend that the amendment of the charge prejudiced his substantial rights. Upon a review of the record, we conclude that there is no evidence that it did.

The issue is whether the offense of violating the duties imposed by HRS § 291C–13 and –14 with respect to collisions with attended property is a "different offense" than the offense of violating the duties imposed by HRS § 291C–15 with respect to collisions with unattended property. The answer to that question is dictated by the answer to the question whether the offense of violating HRS § 291C–15 is an included offense of an offense of violating HRS § 291C–13 and –14. *State v. Woicek*, 63 Haw. 548, 632 P.2d 654 (1981). We conclude that an offense under HRS § 291C–15 is an included offense of, and not a "different offense" than, an offense under HRS § 291C–13 and –14.

HRS § 701–109(4)(a) (1985) provides that an offense is included in the charged offense when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"

To prove an offense under HRS § 291C–13 and –14, the State must prove that (1) Gartrell was driving a vehicle which struck property; (2) the property was attended by a person; and (3) Gartrell (a) failed to immediately stop at the scene of the accident or (b) failed to render reasonable assistance to any person injured in the accident or (c) failed to give the person attending the property and any police officer at the scene certain information required by the statute or, in their absence, failed to give the information to the nearest police officer.

To prove an offense under HRS § 291C–15, the State must prove item (1) but not (2). With respect to item (3), the State must prove item 3(a) or (d) that Gartrell failed to locate the owner of the property and give the information to him or (e) failed to attach

securely in a conspicuous place a written notice giving the information or (f) failed to notify the nearest police officer.

We conclude that an HRS § 291C–15 offense requires proof of less than all the facts required to prove an HRS § 291C–13 and –14 offense; that an HRS § 291C–15 offense is an included offense of, and not a "different offense" from, an HRS § 291C–13 and –14 offense; and, therefore, that HRPP Rule 7(f) permitted the district court to amend the charge.

Accordingly, we affirm the district court's June 24, 1991 judgment adjudicating Gartrell guilty of violating HRS § 291C–15.

*Jack F. Schweigert* (Schweigert & Hossellman, of counsel), on the briefs, for defendant–appellant.

*Alexa D. M. Fujise*, Deputy Prosecuting Attorney, on the brief, for plaintiff–appellee.