**Electronically Filed
Supreme Court
SCWC-18-0000454
13-MAR-2020
01:51 PM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

CELESTE BAKER,
Petitioner/Defendant-Appellant.

SCWC-18-0000454

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000454; CASE NO. 1DTC-17-035154)

MARCH 13, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

When a driver in the State of Hawaiʻi is involved in an accident that causes damage to another person's vehicle or property, the driver is required by law to stop the vehicle at, or as close as possible to, the accident scene and remain there until the driver has provided certain identifying information. The applicable statute also requires that every such stop be made without obstructing traffic more than is necessary. In

this case, we consider whether the State must include this additional statutory requirement when charging a driver with the offense of not stopping at an accident scene and providing the required information.  We answer this question in the affirmative.  We also conclude that the State failed to prove in this case that the defendant did not provide the required statutory information to the police after the accident.

## I.  BACKGROUND

On October 26, 2017, at 3:35 p.m., Celeste Baker was issued a traffic citation for violating Hawai'i Revised Statutes (HRS) §§ 291C-13, Leaving Scene of Accident Involving Vehicle Damage (failure to stop),[1] and 431:10C-104, No Motor Vehicle Insurance Policy.  The citation contained Baker's name, address, driver's license number, and date of birth.  The citation also listed the license plate number, make, model, type, color, and year of Baker's vehicle.  One month later, the State filed a

---

[1]     HRS § 291C-13 (Supp. 2008) provides the following in full:

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.  Every such stop shall be made without obstructing traffic more than is necessary.  For any violation under this section, a surcharge of up to $100 may be imposed, in addition to other penalties, which shall be deposited into the trauma system special fund.

two-count complaint in the district court alleging that Baker violated HRS §§ 291C-13 and 431:10C-104.[2]  Count 1 of the complaint states as follows:

> COUNT 1: On or about October 26, 2017, in the City and County of Honolulu, State of Hawai'i, CELESTE BAKER, as the driver of a vehicle involved in an accident resulting only in damage to a vehicle or other property that was driven or attended by a person, did intentionally, knowingly or recklessly fail to immediately stop such vehicle at the scene of the accident or as close thereto as possible, and did intentionally, knowingly or recklessly fail to forthwith return to, and in every event remain at, the scene of the accident and fulfill the requirements of [HRS § 291C-14], thereby committing the offense of Accidents Involving Damage to Vehicle or Property in violation of [HRS § 291C-13].  [HRS § 291C-14] requires that the driver of any vehicle involved in an accident resulting in . . . damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license . . . to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information . . . to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, . . . .  In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under [HRS § 291C-14(a)], and no police officer is present, [HRS § 291C-14(b)] requires that the driver of any vehicle involved in the accident after fulfilling all other requirements of [HRS §§ 291C-12 and 291C-14(a)], insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in [HRS § 291C-14(a)].

Baker pleaded not guilty to the charge.[3]  A bench trial commenced on January 29, 2018.[4]

---

[2]    Count 2 alleged that Baker violated HRS § 431:10C-104.  This count was later dismissed.  The dismissal is not an issue on appeal.

[3]    The oral charge read at trial tracked the language in the complaint but did not include a recitation of the statutory requirements a

(continued . . .)

The State's first witness at trial was Megumi Moon, who testified that on October 26, 2017, at approximately 2:04 p.m., the vehicle she was driving was involved in an accident. She stated that the collision occurred just before the bus stop at Blaisdell Park as she was proceeding eastbound on Kamehameha Highway towards Honolulu. Moon described the part of the highway where the collision occurred as a "zigzag" due to construction. A car was driving in front of her in the right lane of the two-lane highway, Moon explained, and the car switched to the left lane; as they passed a traffic light, the car merged back into her lane, and the rear end of the other car hit the front driver side fender of her vehicle. Moon identified Baker in court as the driver of the other car in the collision. Moon explained that she knew Baker's car hit her vehicle because she felt the impact and there was a dent on the front fender wall of her vehicle.[5]

---

(. . . continued)

driver must fulfill when the other motorist is unable to receive the driver's information and no police are present.

[4]     The Honorable Randal I. Shintani presided.

[5]     No picture of the dent was entered into evidence. Moon also indicated that there were five other occupants in her vehicle, none of whom testified.

After the collision occurred, Moon explained, she immediately signaled Baker to pull over, and they got out of their cars. Moon testified that she asked for Baker's license and registration, but that Baker would not provide them to her, and they got into an argument. Moon stated that while they were stopped on the highway, she called the police and waited a while for them to arrive.

According to Moon, when Baker refused to provide her information, she told Baker to meet at "Anna Miller's" because they were holding up traffic. Moon testified that Baker said she was not from Hawaiʻi, but that she knew where Anna Miller's was and agreed to meet there in the parking lot. Moon acknowledged that Anna Miller's was on the other side of Kamehameha Highway from the direction in which she was driving, and that there were other places they could have gone by turning to the right.

Moon testified that she called the police when she arrived at Anna Miller's, and that she drove around the parking lot and waited for about thirty minutes but did not see Baker. Moon stated that she filled out a police report when police arrived approximately an hour and a half later.

Officer Brandon Kam of the Honolulu Police Department testified that he responded to a report of a motor vehicle collision at approximately 2:30 p.m., and that it was a "call of

somebody wanting to report [a] motor vehicle collision . . . away from the scene." The officer could not recall where he was directed to go, but he testified that he met Baker when he arrived at the indicated location.

According to the officer, Baker stated that she was being accused of colliding with another vehicle and that the occupants in the other vehicle had been hostile toward her, yelled at her, and asked for $700. While making his report, Officer Kam explained, he received an update via dispatch of a "fled type scene" and ceased his discussion with Baker so that he could get further clarification. The officer stated that he determined the update was related to the same vehicle collision that he was discussing with Baker. The officer testified that while he was at the scene he did not observe any visible damage to Baker's vehicle.

Baker testified that she worked as a sales associate, was also a student, and had lived in Hawai'i for only one year. Baker recounted that, on the day in question, she was driving home when she saw a vehicle to her right driving very close, and that she stuck her hand out the window because it appeared the driver of the vehicle was trying to alert her to something. Baker stated that she "wasn't sure what was going on," so she pulled her vehicle to the side of the road. She immediately got out of the car, Baker testified, and the driver began "yelling

at me that I hit her car." Baker explained that she responded to Moon that she had not hit her vehicle, and that she did not see a dent in Moon's vehicle or damage to her own car.

Baker also stated that Moon never asked for her insurance information because Moon "was too busy yelling," and therefore she never refused to provide such information. Baker said that she tried to calm Moon down and asked Moon for her name. According to Baker, Moon did calm down, they exchanged first names, and she asked Moon to meet on the side of the road. Moon agreed, Baker testified, and Baker pulled to the right side of the same road that they first stopped, but Moon wasn't there. Baker testified that she stopped at an auto repair place and waited for Moon to arrive, but when Moon did not show up she called the police. Baker also denied Moon's statement that Moon asked her to meet at Anna Miller's.

During closing arguments, the State argued that Baker did not stay at the scene, exchange information, and file a police report as required by the failure to stop statute. Defense counsel contended that Baker did not intentionally, knowingly, or recklessly violate the statute, but that instead Baker attempted to comply with its terms by pulling over when she was accused of hitting a car and calling the police soon after the incident occurred.

The district court found Baker guilty of failing to comply with the requirements of HRS § 291C-13, stating that the court's decision was based on "the demeanor and credibility of the witness," "the testimony of Ms. Moon, Officer Kam, as well as Ms. Baker," and "the time frame in which the testimony was elicited."[6]  The court imposed a fine of $100 and other fees in its January 29, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment).[7]  Baker timely appealed.

## II.  ICA PROCEEDINGS

On appeal, Baker argued that there was insufficient evidence to sustain her conviction for the reason that, because it was necessary for the parties to move their vehicles out of traffic, the State was required to prove that the stop at the accident scene could have been made without obstructing traffic

---

[6]  The entirety of the district court's ruling was as follows:

Okay.  Court's ready to rule.  Court, considering the demeanor and credibility of the witness, court's going to find Ms. Baker guilty as charged of failing to comply with the requirements of 291C-13.  Court, considering the testimony of Ms. Moon, Officer Kam, as well as Ms. Baker, considering the time frame in which the testimony was elicited, and again based on the credibility of the witness, court's basing its decision.

It is unclear whether the district court's decision as to guilt was based on Baker not remaining at the scene, not going to Anna Miller's, not providing the requisite information to Moon or the officer, or a combination of these circumstances.

[7]  On May 7, 2018, the district court issued a Notice of Entry of Judgment and/Order and Plea/Judgment (Restitution Order) ordering Baker to pay restitution in the amount of $2,262.58.

more than necessary.  Baker maintained that she fulfilled the statutory requirements of HRS § 291C-14 (duty to give information) by calling the police and reporting the incident after moving her car.  Baker also contended that the complaint and oral charge failed to adequately and fully inform her of the nature and cause of the accusation against her because they did not allege the attendant circumstance that "[e]very stop shall be made without obstructing traffic more than is necessary."[8]  This omission rendered the charge deficient even under the post-conviction liberal construction rule, argued Baker.

The State responded that "stopping without obstructing traffic more than necessary" is not an element of the offense of failure to stop.  No Hawaiʻi case required the State to prove that a stop "was able to be done without obstructing traffic more than necessary," the State maintained.  Since proving this circumstance is not an element of the crime, the State contended, and Baker did not challenge the sufficiency of the charge prior to conviction, the liberal rule of construction applied to reviewing the charge.  As to the sufficiency of the evidence, the State asserted that Moon's testimony demonstrated

---

[8]  Additionally, Baker contended that the court erred in ordering restitution.  The ICA ruled in Baker's favor on this issue and reversed the Restitution Order.  Neither party challenges the ruling on certiorari review.

that Baker failed to provide the required statutory information to Moon at the scene or at Anna Miller's or give the information to Officer Kam.  Baker therefore violated the failure to stop statute, argued the State.

In a Summary Disposition Order,[9] the Intermediate Court of Appeals (ICA) stated that to prove the offense of failure to stop, the State was required to prove that (1) Baker's vehicle was involved in an accident resulting only in damage to another motorist's vehicle; (2) Baker failed to immediately stop at the scene or as close thereto as possible; and (3) Baker failed to remain there until she fulfilled her duty to give information.  (Citing State v. Gartrell, 9 Haw. App. 156, 158, 828 P.2d 298, 299-300 (1992).)  The ICA found that the State presented evidence that Baker's car struck and caused damage to Moon's vehicle, and that Baker left the accident scene before providing any information other than her first name to Moon.[10]  The ICA noted that the district court did not credit Baker's testimony

---

[9]     The ICA's Summary Disposition Order can be found at State v. Baker, No. CAAP-18-0000454, 2019 WL 1747026 (App. Apr. 18, 2019) (SDO).

[10]     The ICA further stated that testimony presented by the State supported the court's conclusion that Baker did not, at any time, make the required statutory disclosures to Moon or Officer Kam.  However, the district court did not specifically make this determination.  See supra note 6.

that she remained where the parties had agreed to meet.[11]  Thus, the ICA concluded that there was substantial evidence to support the conviction under HRS § 291C-13.

The ICA also determined that there was no requirement that the State prove, as an element of the offense of failure to stop, that Baker knew the stop was made without obstructing traffic more than is necessary.  The ICA instead described this part of the statute as an "explanatory clause" that serves to "more clearly define the element" of stopping at the accident scene or as close thereto as possible.  Because the explanatory clause is not an element of the offense, the ICA concluded, its omission in the complaint and oral charge did not render them deficient.

The ICA thus affirmed the district court's Judgment finding Baker guilty of violating HRS § 291C-13.  Baker's application for certiorari challenging the ICA's rulings was accepted by this court.

### III.  STANDARDS OF REVIEW

#### A. Sufficiency of a Charge

Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under

---

[11]  The district court also did not expressly find Baker's testimony not credible.  See supra note 6.

the de novo, or right/wrong, standard.  State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009).

## B. Sufficiency of the Evidence

In reviewing a challenge to the sufficiency of the evidence, "[e]vidence adduced in the trial court must be considered in the strongest light for the prosecution[.]"  State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)).  "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  Id.

## IV.   DISCUSSION

## A. The Complaint Was Insufficient.

Baker argues that because the complaint and oral charge omitted the language "[e]very such stop shall be made without obstructing traffic more than is necessary," which is an "attendant circumstances element and/or essential fact[]" of the offense, the charge was deficient and violated her right to due process of law.

The sufficiency of a charge "implicates an accused's rights under the Hawaiʻi Constitution, article I, sections 5, 10 and 14."  State v. Nesmith, 127 Hawaiʻi 48, 52, 276 P.3d 617, 621

12

(2012).  Under article I, section 5, "No person shall be deprived of life, liberty or property without due process of law[.]"  Haw. Const. art. I, § 5.  And under article I, section 14, an accused is entitled to adequate notice of the charge: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]"  Haw. Const. art. I, § 14.  Accordingly, if a charge is defective, it "amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, for that would constitute a denial of due process."  State v. Wheeler, 121 Hawai'i 383, 391, 219 P.3d 1170, 1178 (2009) (quoting State v. Merino, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996)).

It is well settled that when the State alleges that a person committed a crime, the "accusation must sufficiently allege all of the essential elements of the offense charged."  Id.  In addition to containing all of the elements of the offense, the charge must also sufficiently apprise the defendant of what the defendant must be prepared to meet.  Id.  And generally, "[w]here the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a

charge drawn in the language of the statute is sufficient." Id. at 393, 219 P.3d at 1180 (alteration in original) (quoting State v. Jendrusch, 58 Haw. 279, 282, 567 P.2d 1242, 1245 (1977)). In some cases, however, a charge tracking the language of the statute will be insufficient to adequately describe the crime and will violate due process. Nesmith, 127 Hawai'i at 53, 276 P.3d at 622.

The "elements" of an offense, which must be alleged and proved by the State, are (1) conduct, (2) attendant circumstances, and (3) results of conduct. HRS § 702-205 (2014). An attendant circumstance is a circumstance that "exist[s] independently of the [actor's conduct]." State v. Aiwohi, 109 Hawai'i 115, 127, 123 P.3d 1210, 1222 (2005) (alterations in original). Additionally, under Hawai'i Rules of Penal Procedure Rule 7(d) (2012), a charge must contain "a plain, concise and definite statement of the essential facts constituting the offense charged." The State must also allege the requisite state of mind for each element of the offense. State v. Apollonio, 130 Hawai'i 353, 359, 311 P.3d 676, 682 (2013); HRS §§ 701-114 (2014), 702-204 (2014). The state of mind must be included in the charge "to alert the defendant[] of precisely what [the defendant] need[s] to defend against to

14

avoid a conviction."  Nesmith, 127 Hawaiʻi at 56, 276 P.3d at 625.

Here, HRS § 291C-13 provides in relevant part the following:

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.  Every such stop shall be made without obstructing traffic more than is necessary.

HRS § 291C-13 thus places a duty on a driver who is involved in an accident that causes damage to another vehicle to (1) immediately stop at the scene of the accident or (2) stop "as close thereto as possible" and "forthwith return" to the accident scene.  The second alternative requires a driver who does not stop immediately following the accident to stop as close as possible to the accident scene and then forthwith return to that location.  "Possible" is commonly understood to mean "able to be done; within the power or capacity of someone or something."  The New Oxford American Dictionary 1332 (2001).  Since it is "possible" for a driver to stop very close to the accident scene, which may be in the middle of a crowded freeway, a driver may reasonably believe that the statute mandates that the driver must stop "as close" to the scene of the accident "as possible."

But the failure to stop statute also requires that "[e]very [] stop shall be made without obstructing traffic more than is necessary." HRS § 291C-13. This statutory requirement must be read in conjunction with its corresponding requirement to "immediately stop . . . at the scene of the accident or as close thereto as possible." Thus, the failure to stop statute plainly recognizes that a stop that is as close to the accident scene as possible may be one that obstructs traffic more than is necessary. See Richardson v. City & Cty. of Honolulu, 76 Hawaiʻi 46, 71, 868 P.2d 1193, 1218 (1994) ("[C]ourts are bound, if rational and practicable, to give effect to all parts of a statute, and [] no clause, sentence, or word shall be construed as superfluous, void, or insignificant." (quoting Methven–Abreu v. Hawaiian Ins. & Guar. Co., 73 Haw. 385, 392, 834 P.2d 279, 284 (1992))). Accordingly, while a driver involved in an accident that results in property damage to another's vehicle is mandated to stop immediately or as close to the scene of the accident as possible, the stop must not unnecessarily obstruct traffic.

It is thus apparent that the duty to stop at the accident scene or as close thereto as possible is subject to the statutory requirement that the stop be made without obstructing traffic more than is necessary. Consequently, the phrase "as close [] as possible," as used in HRS § 291C-13, does not

16

necessarily coincide with its common meaning. Rather, a stop "as close thereto as possible" is qualified to the extent that the stop should not obstruct traffic more than is necessary. See Wheeler, 121 Hawaiʻi at 394, 219 P.3d at 1181 (the meaning of the term "operate" as used in the statute was not the same as its commonly understood definition, and the term was therefore not "readily comprehensible to persons of common understanding"); State v. Pacquing, 139 Hawaiʻi 302, 308, 389 P.3d 897, 903 (2016) (statutory definition of "confidential personal information" differed from its "commonly understood definition" and thus simply including the statutory phrase in the complaint was insufficient to apprise the defendant of what the defendant must be prepared to meet).

The inclusion of the statutory language to not obstruct traffic more than is necessary means that a driver is required to not cause an unnecessary traffic obstruction or create a risk to other drivers when stopping. That is, the legislature intended to avoid the hazardous traffic situation or serious traffic congestion that might occur were drivers to exchange information in a location that obstructed traffic more than is necessary. Indeed, stopping immediately or very close to the accident's location could result in a series of successive accidents, with the subsequent accidents causing

greater harm and being a greater risk to safety than the original accident.  A driver therefore does not violate the statute by not stopping at the scene, by not stopping as close as "possible" to the scene, or not returning to the scene of the accident, if doing so would prevent a traffic hazard that would otherwise result.

Thus, a driver, in lieu of stopping as close as possible to the scene of the accident, may instead stop at the closest location to the accident scene that does not result in an unnecessary traffic obstruction--without violating the statute.  By the same token, the requirement to "forthwith return" to the scene of the accident is also subject to the qualification that the "return" to the accident scene can be done without obstructing traffic more than is necessary.  The requirement that the stop was made without obstructing traffic more than is necessary is thus a requisite aspect of proof of the offense when the driver stops at, or forthwith returns to, a location that the State contends is not as close as "possible" to the accident scene.

Accordingly, when a defendant stops in close proximity of the accident scene and provides the requisite information, the State, in order to show a violation of the statute, is required to prove the following: (1) the defendant failed to stop at a location that was as close to the scene of the

18

accident as possible, or to forthwith return thereto, and (2) the failure did not result from the defendant avoiding an unnecessary obstruction of traffic.

Thus, HRS § 291C-13 contains the following elements:

(1) the defendant was driving a vehicle that was involved in an accident resulting only in damage to a vehicle or other property;

(2) the vehicle or property was driven or attended by another person;

(3) the defendant did not

(a) immediately stop at the scene of the accident, or at a location as close thereto as possible and forthwith return to the scene that would not have obstructed traffic more than is necessary;

or

(b) provide the information required by section 291C-14 to the other driver and any police officer at the scene, or, in their absence, forthwith report the accident to the nearest police officer and provide that information to the officer.

HRS §§ 291C-13, 291C-14. The State is also required to allege that each element was committed intentionally, knowingly, or recklessly when charging this offense.[12]

In this case, Baker challenged the sufficiency of the charge for the first time on appeal, and the liberal

_____

[12] Because HRS § 291C-13 does not contain a mens rea, HRS § 702-204 applies. HRS § 702-204 ("When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."); HRS § 701-102(3) (2014) ("The provisions of chapters 701 through 706 of the Code are applicable to offenses defined by other statutes, unless the Code otherwise provides.").

construction standard is thus applied in reviewing the charge. State v. Motta, 66 Haw. 89, 90, 657 P.2d 1019, 1019-20 (1983); State v. Wells, 78 Hawaiʻi 373, 381, 894 P.2d 70, 78 (1995); see also State v. Kauhane, 145 Hawaiʻi 362, 372-73, 452 P.3d 359, 369-70 (2019) (holding that the charge was insufficient under the Motta/Wells rule because the common definition of "obstructs" did not comport with its statutory definition). Under this standard, we consider whether the charge can reasonably be construed to charge an offense or, alternatively, whether the defendant was prejudiced. Kauhane, 145 at 369-70, 452 P.3d at 366-67. A complaint, for example, cannot reasonably be construed to charge an offense if it omits an element of the offense or when the common definition of an element of an offense set forth in the charge does not comport with its statutory definition. Pacquing, 139 Hawaiʻi at 308, 389 P.3d at 903; Wheeler, 121 Hawaiʻi at 394, 219 P.3d at 1181.

The State in this case did not specify in the complaint that Baker did not stop either at the accident scene or stop at the location closest to the accident scene and forthwith return thereto without obstructing traffic more than is necessary. The State's omission of this statutory qualification did not provide Baker with fair notice of the elements of the offense charged. Wheeler, 121 Hawaiʻi at 395,

219 P.3d at 1182.  In fact, the charge did not include any reference to the language "without obstructing traffic more than is necessary" or include language similar to it.  The failure to include the statutory language resulted in this element of the charge having a common meaning that differed from the express statutory requirements, and thus neither the complaint nor the oral charge can be reasonably construed to charge an offense. Id.  Accordingly, the deficient charge deprived Baker of the right to due process.  Nesmith, 127 Hawaiʻi at 52, 276 P.3d at 621.  As a result, the State failed to state an offense, and the conviction based upon it cannot be sustained.  Kauhane, 145 Hawaiʻi at 373, 452 P.3d at 370; Pacquing, 139 Hawaiʻi at 308, 389 P.3d at 903; Wheeler, 121 Hawaiʻi at 391, 219 P.3d 1178.

The ICA concluded that the phrase requiring every stop to be made without obstructing traffic more than necessary in the failure to stop statute was merely an "explanatory clause" that "serves to more clearly define" the element of the offense pertaining to the driver's duty to stop, but that the clause did not impose an additional conduct requirement that the State must prove.  We do not endorse the ICA's "explanatory clause" framework.  The State must prove that the defendant, by failing to stop as close to the scene of the accident as possible or forthwith return, could have done so without obstructing traffic

more than is necessary.  The charging instrument in this case did not adequately set forth the elements of the offense so that the charge was "readily comprehensible to persons of common understanding."  Wheeler, 121 Hawaiʻi at 394-95, 219 P.3d at 1181-82.  The complaint therefore failed to give Baker proper notice of the elements of the offense with which she was charged, and the ICA erred in concluding that the charge was not deficient.[13]

### B. The Evidence Was Insufficient To Convict Baker Under HRS § 291C-13.

Baker also contends that there was not sufficient evidence to prove that she intentionally, knowingly, or recklessly failed to comply with the failure to stop offense. See HRS § 291C-13.

As explained, to prove that Baker violated HRS § 291C-13, the State was required to prove that (1) Baker was driving a vehicle that was involved in an accident resulting only in damage to a vehicle or other property; (2) the vehicle or property was driven or attended by another person; (3) Baker did

---

[13]    To the extent that the following cases do not require the qualifying language "without obstructing traffic more than is necessary" to be included in the charge, they are overruled: State v. Gartrell, 9 Haw. App. 156, 828 P.2d 298 (1992); State v. Preza, No. CAAP-17-0000521, 2019 WL 245667 (App. Jan. 17, 2019) (SDO); State v. Meloche, No. CAAP-16-0000010, 2016 WL 7175232, at *2 (App. Dec. 8, 2016) (SDO); and State v. Davis, No. CAAP-11-0000509, 2014 WL 4648172, at *1 (App. Sept. 17, 2014) (SDO).

not (a) immediately stop at the scene or stop as close thereto as possible and forthwith return to the scene without obstructing traffic more than is necessary; or (b) give the required information to the other driver and any police officer at the scene, or, in their absence, forthwith report the accident to the nearest police officer and provide the required information after fulfilling other statutory requirements insofar as possible.  The State was also required to prove that Baker committed each element of the offense intentionally, knowingly, or recklessly.  HRS §§ 291C-13, 701-114, 702-204.

       To fulfill the requirements of the duty to give information statute, HRS § 291C-14,[14] Baker was required to

_____

[14]    HRS § 291C-14 (2014) provides, in relevant part, the following:

   (a) The driver of any vehicle involved in an accident resulting in . . . damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to . . . the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident . . . .

   (b) In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of . . . subsection (a) of this section, insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police

(continued . . .)

provide her name, address, and the registration number of her vehicle to Moon and any police officer at the scene of the accident or who is investigating the accident, and, if requested, exhibit her driver's license.  HRS § 291C-14(a).  However, if it was not possible to exchange this information--such as when the other motorist is not in a condition to receive the information and no police officer is present--Baker was required to promptly report the accident to the nearest police officer and provide the required information after fulfilling other statutory requirements insofar as possible.  HRS § 291C-14(b).

Moon testified that the collision occurred at approximately 2:04 p.m. on October 26, 2017.[15]  After the collision occurred, Moon immediately signaled to Baker to pull over, she explained, and Baker complied.  Moon stated that there was construction on the part of the highway where the collision occurred that caused the road to "zigzag."  Moon testified that

---

(. . . continued)

> officer and submit thereto the information specified in subsection (a).

[15]  As to the first two elements of the offense, there is no dispute that Baker and Moon were driving their vehicles.  And accepting Moon's testimony that she felt the impact of the contact and saw damage to her car, there was substantial evidence that an accident resulting in damage to Moon's car occurred.

after Baker refused to provide her license and registration, she told Baker to meet at Anna Miller's because they were holding up traffic. Moon testified that Anna Miller's was on the opposite side of the highway that they were on and that there were alternative places to turn right.

Officer Kam's testimony indicated that he responded to Baker's report of a collision within thirty minutes after the collision. The officer testified that when he arrived at the location he had been directed to, he spoke with Baker and she told him that she was being accused of colliding with another vehicle. Neither Moon's testimony nor Officer Kam's testimony provided any details as to Baker's location after the accident.

Pursuant to the failure to stop statute, Baker was not required to remain at the location of the accident scene because the stopped vehicles were unnecessarily obstructing traffic. And neither Officer Kam's testimony nor other evidence presented by the State provided substantial evidence that Baker did not stop at a location as close to the scene of the accident as possible without unnecessarily obstructing traffic. The evidence accordingly did not prove, as required by the failure to stop statute, that Baker failed to immediately stop or stop as close as possible to the scene of the accident without obstructing traffic more than is necessary.

Similarly, the State also did not prove that Baker violated the statute by her failure to "forthwith return" to the scene of the accident.  Returning to the accident scene would have required Baker to stop her vehicle on a busy highway under construction in a location that the evidence does not show would not have obstructed traffic more than is necessary.  The State therefore failed to provide evidence that the second stop made by Baker did not conform to the statute's requirements.

The State could alternatively sustain a conviction in this case if it provided substantial evidence that Baker failed to comply with her duty to give information.  There is no dispute in this case that after Moon and Baker's interaction at the initial stop, they did not meet again.  Because Baker was not required to remain at or "forthwith return" to the location of the initial stop, it follows that she could not exchange information with Moon or a police officer at the scene of the accident.  Accordingly, Moon was not in a condition to receive the information as she was not present, and thus Baker was required to promptly report the accident to police and provide the required information.

The evidence was uncontroverted that Baker called the police and reported the accident shortly after it occurred.  This complies with the statutory requirement that Baker forthwith report the accident to the nearest police officer.

Officer Kam's testimony did not explain what information Baker provided or, more importantly, any information that she did not provide when he spoke with her. Absent this evidence, the State did not prove that Baker failed to fulfill her duty to give information.[16]

The ICA incorrectly held that the testimony supported the district court's conclusion that Baker did not, at any time, make the required statutory disclosure to Moon or Officer Kam when in fact the district court did not make this conclusion.[17] Nor does the record indicate what information Baker did or did not provide to Officer Kam. It was the State's burden to present evidence demonstrating that Baker did not comply with the failure to stop statute or give the required information to Officer Kam, and the State failed to do so. The ICA thus erred in finding that there was substantial evidence to support the conviction.

---

[16] It is noted that the record in this case contains the citation issued by Officer Kam to Baker, which includes Baker's name, address, and the identifying information of her vehicle (the vehicle's license plate number and its make, model, type, color, and year). Thus, the citation indicates that Baker, at least, substantially complied with the duty to give information statute by providing her name, address, and vehicle information such that the vehicle's owner could be located. See State v. Villeza, 85 Hawai'i 258, 265, 942 P.2d 522, 529 (1997) ("We determine substantial compliance with a statute by determining whether the statute has been followed sufficiently such that the intent for which it was adopted is carried out.").

[17] See supra notes 6 and 10.

## V.    CONCLUSION

Based on the foregoing, we vacate that portion of the ICA's Judgment on Appeal affirming the district court's January 28, 2018 Judgment.[18]  We also vacate the district court's January 28, 2018 Judgment and remand the case to the district court with instructions to enter a judgment of acquittal.

Taryn R. Tomasa
for petitioner

Chad Kumagai
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



---

[18]    The ICA's reversal of the May 7, 2018 Restitution Order is not challenged on certiorari review.  See supra note 8.