**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000153**
**22-JUN-2021**
**07:51 AM**
**Dkt. 37 SO**

NO. CAAP-20-0000153

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
JOHN KEONI JARDINE, also known as JOHN KEONI JARDINE III
and JOHN JARDINE III, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-19-0001233)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant **State** of Hawaiʻi appeals from the "Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss Felony Information Based Upon a Defective Charge, Filed 1/27/20" (**Order**) entered by the Circuit Court of the First Circuit on February 20, 2020.[1] For the reasons explained below, we affirm the Order.

Defendant-Appellee John Keoni **Jardine** (also known as John Keoni Jardine III and John Jardine III) was charged by felony information with assault in the second degree in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(a) and/or (1)(d). Jardine moved to dismiss the charge. The circuit court dismissed the charge without prejudice, concluding that the charge was defective because it failed to recite the statutory definitions

---

[1] The Honorable Karen T. Nakasone presided.

of "substantial bodily injury" and "dangerous instrument."  This appeal followed.

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which [an appellate court] reviews under the de novo, or right/wrong, standard." State v. Kauhane, 145 Hawaiʻi 362, 369, 452 P.3d 359, 366 (2019) (cleaned up).

"A charge's essential elements include conduct, attendant circumstances, and results of conduct."  Kauhane, 145 Hawaiʻi at 370, 452 P.3d at 367 (citing HRS § 702-205 (2014)) (other citations omitted).  "Where a statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute will be sufficient."  Id. (cleaned up).  However, where the statutory definition of an element of the crime "does not necessarily coincide with its common meaning[,]" State v. Baker, 146 Hawaiʻi 299, 307, 463 P.3d 956, 964 (2020), the statutory definition must be included in the charge.  State v. Pacquing, 139 Hawaiʻi 302, 308, 389 P.3d 897, 903 (2016).

Jardine was charged with violation of HRS § 707-711(1)(a) and/or (1)(d).  HRS § 707-711 (2014 & Supp. 2018) provides, in relevant part:

> **Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:
>
> > (a)  The person intentionally, knowingly, or recklessly causes **substantial bodily injury** to another; [or]
> >
> > . . . .
> >
> > (d)  The person intentionally or knowingly causes **bodily injury** to another with a **dangerous instrument**[.]

(Emphasis added.)

2

The felony information charging Jardine stated:

> On or about August 25, 2019, in the City and County of Honolulu, State of Hawaii, JOHN KEONI JARDINE . . . did intentionally, knowingly, or recklessly cause ***substantial bodily injury*** to Paul Costa, and/or did intentionally or knowingly cause bodily injury to Paul Costa with a ***dangerous instrument***, thereby committing the offense of Assault in the Second Degree, in violation of Section 707-711(l)(a) and/or Section 707-711 (l)(d) of the Hawaii Revised Statutes.

(Emphasis added.)

The issues presented by this appeal are whether the statutory definitions of "substantial bodily injury" and "dangerous instrument" coincide with the common meanings of those terms. Concerning "substantial bodily injury," the Oxford Learner's American English Dictionary contains the following definitions:

> ***substantial***: large in amount, value, or importance[2]
>
> ***bodily***: connected with the human body[3]
>
> ***injury***: harm done to a person's or an animal's body[4]

HRS § 707-700 (2014) provides, in relevant part:

> "Bodily injury" means physical pain, illness, or any impairment of physical condition.
>
> . . . .
>
> "Substantial bodily injury" means bodily injury which causes:
>
> (1) A major avulsion, laceration, or penetration of the skin;
>
> (2) A burn of at least second degree severity;

---

[2]    Substantial, Oxford Learner's Dictionaries, https://www.oxfordlearnersdictionaries.com/us/definition/english/substantial?q=substantial (last visited June 17, 2021).

[3]    Bodily, Oxford Learner's Dictionaries, https://www.oxfordlearnersdictionaries.com/us/definition/english/bodily_1?q=bodily (last visited June 17, 2021).

[4]    Injury, Oxford Learner's Dictionaries, https://www.oxfordlearnersdictionaries.com/us/definition/english/injury?q=injury (last visited June 17, 2021).

> (3)     A bone fracture;
>
> (4)     A serious concussion; or
>
> (5)     A tearing, rupture, or corrosive damage to the
>         esophagus, viscera, or other internal organs.

The HRS § 707-700 definition of "substantial bodily injury" is limited to five specific types of bodily injury.  The common meaning of "substantial bodily injury" could encompass more types of bodily injury than the five specified in the statute.  Because the common meaning of "substantial bodily injury" is broader than the statutory definition, the charge against Jardine was defective.  See, e.g., Kauhane, 145 Hawaiʻi at 371, 452 P.3d at 368 (common meaning of "obstructs" was broader than defined term in Obstructing statute, HRS § 711-1105); Pacquing, 139 Hawaiʻi at 308, 389 P.3d at 903 (common meaning of "confidential personal information" was broader than defined term in UPCPI statute, HRS § 708-839.55); State v. Wheeler, 121 Hawaiʻi 383, 394, 219 P.3d 1170, 1181 (2009) (common meaning of "operate" was broader than defined term in OVUII statute, HRS § 291E-61).

Quoting State v. Mita, 124 Hawaiʻi 385, 245 P.3d 458 (2010), the State argues that requiring inclusion of the statutory definition of "substantial bodily injury" "would render charges unduly complex, in contravention of the policy reflected in [Hawaiʻi Rules of Penal Procedure] Rule 7(d) that '[t]he charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged.'"  Id. at 392, 245 P.3d at 465.  The supreme court has noted, however, that if the statutory definition of an element of an offense is complex or lengthy, the specific conduct, attendant circumstance, or result of conduct may be specified in a "to wit" clause of the charge.  See Pacquing, 139 Hawaiʻi at 308, 389 P.3d at 903 ("The State should have included in the charge the statutory definition of 'confidential personal information' under HRS § 708-800 *or at least specified in the charge the items of information that allegedly were unlawfully possessed*.") (emphasis added).

4

The State's argument lacks merit under the circumstances of this case.  The charge against Jardine neither recited the statutory definition of "substantial bodily injury" nor specified what type of bodily injury Jardine allegedly inflicted upon the complaining witness.  The circuit court did not err by dismissing the felony information without prejudice on that basis.

In light of the foregoing, we need not reach the State's other arguments.  We affirm the circuit court's Order entered on February 20, 2020.

DATED:  Honolulu, Hawai'i, June 22, 2021.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Emmanuel G. Guerrero,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge