**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000331
13-JUN-2022
07:49 AM
Dkt. 53 SO**

NO. CAAP-21-0000331

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
EDWARD S.P. ROGERS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-19-084300)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Edward S.P. Rogers (**Rogers**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on April 26, 2021, in the District Court of the First Circuit, Honolulu Division (**district court**).[1]

Rogers was convicted of Accidents involving damage to vehicle or property, in violation of Hawaii Revised Statutes (**HRS**) § 291C-13 (Supp. 2020)[2] for an incident that occurred on

---

[1] The Honorable Ann S. Isobe presided.

[2] At the time of the incident, HRS § 291C-13 stated in relevant part:

> **§291C-13 Accidents involving damage to vehicle or property.** The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until
>
> (continued...)

November 18, 2019.

On appeal, Rogers contends there was not sufficient evidence (1) Rogers was the driver of the vehicle involved in an accident and (2) that he acted with the requisite state of mind.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rogers' points of error as follows and affirm.

**Point of error (1):** When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence Rogers was the driver of a vehicle involved in an accident with the complaining witness, Dwight Okamoto (**Okamoto**).  Although Okamoto did not identify Rogers as the driver of the vehicle that collided with his car, Okamoto identified the other vehicle as a black Honda Odyssey Minivan with a license plate "TETRIS" and testified that he called 911 as he was following the other vehicle.  Subsequently, Officer Darrin Sunada (**Officer Sunada**) happened to stop Rogers after the incident for an expired safety check.  During his stop of Rogers' vehicle, Officer Sunada learned the operator of a vehicle with the same license plate as Rogers' vehicle was being sought for fleeing the scene of an accident.  Officer Sunada informed Rogers of these allegations, proceeded to investigate Rogers for fleeing the scene of an accident, and eventually began to read Rogers his constitutional rights.  As Officer Sunada was reading Rogers his constitutional rights, Rogers mentioned he was in the process of picking up his wife at the time of the collision.  While Officer Sunada was issuing the citation, Rogers again related that he was in the process of picking up his wife at the time of the collision.

---

[2](...continued)
the driver has fulfilled the requirements of section 291C-14.  Every such stop shall be made without obstructing traffic more than is necessary.

The district court credited Okamoto's and Officer Sunada's testimony.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; format altered).

> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

Matavale, 115 Hawaiʻi at 158, 166 P.3d at 331 (citation and brackets omitted).

The district court made a reasonable and rational inference given the evidence that Rogers was the driver of the vehicle involved in a collision with Okamoto.  Rogers was informed of the allegations about a specific incident involving fleeing the scene of an accident by Officer Sunada.  Rogers then stated he was in the process of picking up his wife at the time of the collision.  Thus, a reasonable and rational inference is that Rogers was driving the vehicle involved because "he was in the process" of picking someone up when the collision occurred.  It is also a reasonable and rational inference that Rogers was referring to the collision involving Okamoto since Rogers' statement was made immediately following Officer Sunada informing him of specific allegations regarding the incident involving Okamoto.

We thus reject Rogers' first point of error.

**Point of error (2):** There was substantial evidence Rogers acted at least recklessly[3] with respect to all elements of

_____

[3]  HRS § 702-206(3) (2014) states:

(3)    "Recklessly."
(a)    A person acts recklessly with respect to his conduct
(continued...)

Accidents involving damage to vehicle or property.

In State v. Baker, 146 Hawaiʻi 299, 307–08, 463 P.3d 956, 964–65 (2020), as corrected (May 20, 2020), the court held:

> Thus, HRS § 291C-13 contains the following elements:
>
> (1) the defendant was driving a vehicle that was involved in an accident resulting only in damage to a vehicle or other property;
>
> (2) the vehicle or property was driven or attended by another person;
>
> (3) the defendant did not
>
>> (a) immediately stop at the scene of the accident, or at a location as close thereto as possible and forthwith return to the scene that would not have obstructed traffic more than is necessary;
>>
>> **or**
>>
>> (b) provide the information required by section 291C-14 to the other driver and any police officer at the scene, or, in their absence, forthwith report the accident to the nearest police officer and provide that information to the officer.

(Emphasis added.)

The alternative to stopping immediately following an accident requires the driver "to stop as close as possible to the accident scene and then forthwith return to that location." Id. at 306, 463 P.3d at 963 (emphasis omitted).  The State is also

---

[3](...continued)

> when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.
> (b)   A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.
> (c)   A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.
> (d)   A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

required to prove that each element was committed intentionally, knowingly, or recklessly.  Id. at 308 n. 12, 463 P.3d at 965 n. 12.

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, 'we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient[.]'"  State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (some alterations in original) (citations omitted).

The evidence and reasonable inferences arising from Rogers' conduct support the conclusion that he acted recklessly by disregarding a substantial and unjustifiable risk that he was involved in an accident resulting in damage to Okamoto's vehicle. Okamoto testified there was a crunch and a thud when the rear driver side area of the minivan with the license plate "TETRIS" collided with the front passenger tire area of Okamoto's vehicle on Lusitana Street.  Okamoto also stated there was a scratch mark on his front passenger fender and a chip in his tire rim, which was not there prior to the incident.  Officer Sunada testified that when he stopped Rogers' vehicle, he observed fresh scuff marks on the driver's back side mud guard of Rogers' vehicle. Rogers also volunteered to Officer Sunada he had been in the process of picking up his wife at the time of the collision, thus acknowledging his involvement in the collision.

The evidence was also sufficient to establish that Rogers disregarded a substantial and unjustifiable risk when he failed to stop immediately at the scene, or as close thereto as possible and return forthwith to the scene, without obstructing traffic more than necessary.  Okamoto testified that after the collision he flashed his lights and tooted his horn to get the other vehicle to pull over but it continued and did not pull

over.  The other vehicle turned left onto Auwaiolani Street,[4] which Okamoto described as one lane with stop and go traffic at the time of the incident, and Okamoto again flashed his lights and tooted his horn but the other vehicle did not stop.  Okamoto testified he followed the other vehicle to where Auwaiolani Street turns into Pensacola Street with two lanes, and that after a freeway on-ramp, there were no parked cars on the side of the road.  Okamoto followed the other vehicle to Kapiolani Boulevard where it made a U-turn and eventually turned into a parking lot near "Shokudo."

Okamoto's testimony, along with Officer Sunada's testimony, is sufficient to support a conclusion that when Rogers did not stop at or near the scene of the accident, Rogers recklessly failed to immediately stop at the scene of the accident or at a location as close thereto as possible and forthwith return to the scene, without obstructing traffic more than necessary.  After Auwaiolani Street turned into Pensacola Street and had two lanes with no parked cars, there was a location Rogers could have stopped without obstructing traffic more than necessary.  Rogers also made a U-turn on Kapiolani Boulevard but did not return to the scene.  Instead, Rogers eventually entered a parking lot by "Shokudo," at which point Okamoto stopped following him.

In the alternative, the conduct by Rogers described above also supports a conclusion that he disregarded a substantial and unjustifiable risk of failing to provide the information required by HRS § 291C-14 (2020)[5] to Okamoto and any

---

[4] According to the transcript of Okamoto's testimony, Okamoto followed the other vehicle from Lusitana Street onto Auwaiolani, but the spelling of "Auwaiolani" was ascertained phonetically.  We take judicial notice that on Oahu no street by the name of Auwaiolani exists.  Instead, it appears that the correct spelling, based on the route described by Okamoto during his testimony, should be "Auwaiolimu."

[5] At the time of the incident, HRS § 291C-14 stated:

**§291C-14  Duty to give information and render aid.**
(continued...)

police officer at the scene, or, in their absence, forthwith report the accident to the nearest police officer and provide that information to the officer.

Okamoto was in a condition to receive Rogers' information because Okamoto followed him after the collision and flashed his lights and tooted his horn several times in an attempt to get Rogers to stop.  Thus, Rogers disregarded a substantial and unjustifiable risk that Okamoto was in a position to receive his information and there was substantial evidence Rogers failed to comply with his duty to give information. Baker, 146 Hawai'i at 310, 463 P.3d at 967.

We thus conclude that Rogers' second point of error lacks merit.

---

[5](...continued)
(a)  The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person; provided that if the vehicle involved in the accident is a bicycle, the driver of the bicycle need not exhibit a license or permit to drive.
(b)  In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 291C-12, 291C-12.5, or 291C-12.6, and subsection (a) of this section, insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in subsection (a).
(c)  For any violation under this section, a surcharge of up to $100 may be imposed, in addition to other penalties, which shall be deposited into the trauma system special fund.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on April 26, 2021, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 13, 2022.

On the briefs:

Eric Lee Niemeyer,
for Defendant-Appellant

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge