**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000520
17-JUN-2025
09:12 AM
Dkt. 56 SO**

NO. CAAP-23-0000520

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MICHAEL FEGAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-22-02181)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Michael P. Fegan (**Fegan**) appeals from the August 9, 2023 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the Honolulu Division of the District Court of the First Circuit (**District Court**).[1]  After a bench trial, Fegan was convicted of Collisions Involving Damage to Vehicle or Property in violation of Hawaii Revised Statutes (**HRS**) § 291C-13 (Supp. 2024) (**Collisions Involving Damage**), and ordered to pay fines and fees totaling $237.

Fegan raises a single point of error, contending that the District Court erred in finding that the evidence it found to be credible proved Fegan guilty beyond a reasonable doubt of

---

[1]     The Honorable Harlan Y. Kimura presided.

violating the material elements of the requirement to provide information after an accident under HRS § 291C-13.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Fegan's point of error as follows:

Fegan argues that there is not substantial evidence in the record that he failed to remain at the scene until he provided the information required by HRS § 291C-14 (Supp. 2024). Fegan further argues that there is no evidence that Fegan failed to satisfy HRS § 291C-14(b).

HRS § 291C-13 states:

> **§ 291C-13  Collisions involving damage to vehicle or property.**  The driver of any vehicle involved in a collision resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop the vehicle at the scene of the collision or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the collision until the driver has fulfilled the requirements of section 291C-14.  Every stop shall be made without obstructing traffic more than is necessary.  For any violation under this section, a surcharge of up to $100 may be imposed, in addition to other penalties, which shall be deposited into the trauma system special fund.

(Emphasis added.)

HRS § 291C-14 states in relevant part:

> **§ 291C-14  Duty to give information and render aid.** (a) The driver of any vehicle involved in a collision resulting in injury to or death of any person or damage to any vehicle or other property that is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the collision or to the driver or occupant of or person attending any vehicle or other property damaged in the collision and shall give the information and upon request exhibit the license or permit to any police officer at the scene of the collision or who is investigating the collision and shall render to any person injured in the collision reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if the carrying is requested by the injured person; provided that if the vehicle involved in the collision is a bicycle,

2

the driver of the bicycle need not exhibit a license or permit to drive.

(b) In the event that <u>none of the persons specified is in condition to receive the information</u> to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the collision after fulfilling all other requirements of section 291C-12, 291C-12.5, or 291C-12.6, and subsection (a), <u>insofar as possible on the driver's part to be performed</u>, shall forthwith report the collision to the nearest police officer and submit thereto the information specified in subsection (a).

(Emphasis added.)

Thus, the elements of a violation of Collisions Involving Damage are:

(1) the defendant was driving a vehicle that was involved in an accident resulting only in damage to a vehicle or other property;

(2) the vehicle or property was driven or attended by another person;

(3) the defendant did not

(a) immediately stop at the scene of the accident, or at a location as close thereto as possible and forthwith return to the scene that would not have obstructed traffic more than is necessary;

or

(b) provide the information required by section 291C-14 to the other driver and any police officer at the scene, or, in their absence, forthwith report the accident to the nearest police officer and provide that information to the officer.

<u>State v. Baker</u>, 146 Hawaiʻi 299, 307-08, 463 P.3d 956, 964-65 (2020).

Here, the complaining witness (**CW**) testified that while driving with his two children, Fegan's vehicle collided with and caused damage to CW's vehicle. CW testified that after the collision, Fegan exited his vehicle, approached CW's vehicle and "banged on my window," "telling me to come out, be a man, to not fucking call the cops, be a man about this, handle this on our own."

3

CW testified that Fegan did not provide his name, address, and registration during this exchange. CW denied that Fegan had "his paperwork in his hand" when he approached CW's vehicle, and testified "I was very clear in what I saw. There was no paper in his hands."

CW stated after witnessing Fegan's actions, "there's no way I'm getting out of my car" and "I was still on the phone with 911" and "[t]hey told me, definitely don't get out of your car, the police are on their way." CW testified that when Fegan "saw that I wasn't coming out of my car, he pulled down his truck bed, sat on the bed, and just stared me down aggressively, still cussing me out, while my two kids were in my backseat."

Fegan testified that he tried to provide his name, address, and registration, but CW did not receive any information because CW "never exited his vehicle to exchange said paperwork."

The District Court stated: "[i]t gets down to the issue of credibility," and found that although Fegan testified he "attempted" to provide his information "but it was not received," CW testified that "no information required by 291C-13 was provided by Mr. Fegan" and that "the information required by 291C-14, . . . insurance, name, and so forth, was not provided."

The District Court found that CW "is credible and not the defendant," and found "beyond a reasonable doubt, based upon credibility, that [Fegan] violated 291C-13" and did not "provide the information required by 291C after the accident."

Construing the evidence in the strongest light for the prosecution, there is substantial evidence to find that Fegan did not provide his identifying information to CW, as required by HRS

§ 291C-13, and the District Court resolved any conflicting testimony and issues of witness credibility against Fegan. <u>See</u> <u>State v. Matavale</u>, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (setting forth standard for review of challenge to sufficiency of the evidence).

While Fegan contends that, under HRS § 291C-14(b), he did not have to provide the required information (*i.e.*, name, address, vehicle registration, and driver's license) because CW was not "in condition to receive the information," the District Court found Fegan's testimony that he attempted to provide the information – "but it was not received" – was not credible. <u>See</u> <u>State v. Stocker</u>, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999) ("appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence") (cleaned up).

For these reasons, the District Court's August 9, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 17, 2025.

On the briefs:

David A. Fanelli,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge