**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000417**
**03-JUN-2021**
**08:10 AM**
**Dkt. 60 SO**

NO. CAAP-19-0000417

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LUTZ HOFFMAN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3FFC-18-0000062)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Lutz **Hoffman** appeals from the "Judgment of Conviction and Sentence" entered by the Family Court of the Third Circuit on May 2, 2019.[1]  We affirm.

On July 21, 2017, in <u>Hoffman v. Hoffman</u>, FC-DA No. 17-1-230K, the family court issued a temporary restraining order (**TRO**) against Hoffman.  The petitioner was **Analyn** Hoffman (now known as Analyn Fernandez).  The TRO ordered, among other things:

> 5.  Do not visit or approach within 100 yards of any place where [Analyn] . . . works[.]

Analyn worked at the Safeway in Kona.

Hoffman was served with the TRO on July 27, 2017.  On August 13, 2017, Hoffman went into the Kona Safeway.  Analyn saw him inside the store.

---

[1]  The Honorable Melvin H. Fujino presided.

On February 8, 2018, Hoffman was charged by complaint with violating the TRO under Hawaii Revised Statutes (**HRS**) § 586-4. A jury found him guilty as charged. He was sentenced to one year in prison.[2] This appeal followed.

Hoffman contends: **(1)** the criminal complaint was defective; **(2)** the State did not prove the TRO was in effect on the date it was allegedly violated; and **(3)** the violation was de minimis.

## 1. The complaint was not defective.

A criminal complaint must allege all of the essential elements of the offense charged and sufficiently apprise the defendant of what they must be prepared to meet. State v. Baker, 146 Hawaiʻi 299, 306, 463 P.3d 956, 963 (2020). "Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong, standard." Id. at 305, 463 P.3d at 962 (citation omitted).

Hoffman was charged with violating HRS § 586-4 (Supp. 2016). The statute provides, in relevant part:

> (e) When a temporary restraining order is granted and the respondent or person to be restrained knows of the order, a knowing or intentional violation of the restraining order is a misdemeanor.

Hoffman's criminal complaint alleged:

> On or about August 13, 2017, in Kona, County and State of Hawaiʻi, LUTZ HOFFMAN knowingly or intentionally violated a temporary restraining order granted pursuant to Chapter 586 of the Hawaii Revised Statutes, said order being issued in FC-DA No. 17-1-230K, by coming into ANALYN HOFFMAN's place of work, the Kona Safeway, thereby committing the offense of Violation of a Temporary Restraining Order, in violation of Section 586-4, Hawaii Revised Statutes, as amended.

---

[2] The sentence was stayed pending this appeal.

The criminal complaint alleged that a temporary restraining order had been granted and Hoffman knowingly or intentionally violated it; the allegation of a knowing or intentional state of mind necessarily includes knowledge of the TRO, because Hoffman could not have "knowingly or intentionally" violated the TRO if he did not know of the order. The complaint alleged all of the essential elements of the offense charged.

The complaint also alleged the offense occurred on August 13, 2017, when Hoffman went into the Kona Safeway where Analyn worked. This was sufficient to apprise Hoffman of what he must be prepared to meet.

Hoffman's contention that the criminal complaint was defective is without merit.

### 2. The evidence established the TRO was in effect on the date of the alleged violation.

The TRO was admitted into evidence as State's Exhibit 14. The TRO was file-stamped July 21, 2017. The TRO stated:

> ***Respondent: These orders apply right now to you and anyone acting for you. Read carefully.***

The TRO also stated:

> This Order expires on: <u>January 16, 2018</u>[.]

State's Exhibit 3, also admitted into evidence, was the Proof of Service showing Hoffman was served at 1:05 p.m. on July 27, 2017.

Hoffman was alleged to have violated the TRO on August 13, 2017, before the expiration date stated on the TRO. Hoffman's contention that there was no evidence showing the TRO was in effect on the date of his alleged violation is without merit.

**3.** **Hoffman did not argue to the family court that his violation was <u>de minimis</u>, and there was no plain error.**

Hoffman contends his violation of the TRO was <u>de minimis</u> and the charge should have been dismissed under HRS § 702-236. Had Hoffman raised a <u>de minimis</u> defense under HRS § 702-236, the family court's decision would be reviewed for abuse of discretion. <u>State v. Enos</u>, 147 Hawai'i 150, 159, 465 P.3d 597, 606 (2020). But Hoffman did not make this argument to the family court. Accordingly, we review for plain error.

We will recognize plain error only "to correct errors which seriously affect the *fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights*." <u>State v. Miller</u>, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010) (cleaned up).

HRS § 702-236 (2014) provides, in relevant part:

**De minimis infractions.** (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

    (a)    Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense;

    (b)    Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

    (c)    Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

"The purpose of a [TRO] is to prevent acts of abuse, or a recurrence of actual domestic abuse, ***and assure a period of separation of the parties involved***." <u>State v. Grindling</u>, 96 Hawai'i 402, 404, 31 P.3d 915, 917 (2001) (cleaned up) (emphasis added). The TRO prohibited Hoffman from being "within 100 yards

4

of any place where [Analyn] . . . works[.]"  This is not a case where Hoffman accidentally went within 99 yards of Analyn's workplace and was never seen by Analyn.  Hoffman went <u>into</u> the Kona Safeway.  Analyn <u>saw</u> Hoffman in her workplace while the TRO was in effect, and "got scared."  Substantial evidence showed Hoffman's violation of the period of separation ordered by the TRO was not <u>de minimis</u>.  The family court did not plainly err by not <u>sua sponte</u> dismissing the charge against Hoffman as <u>de minimis</u>.  <u>See</u> <u>State v. Wise</u>, 107 Hawaiʻi 67, 71, 109 P.3d 708, 712 (App. 2005).

For the foregoing reasons, we affirm the "Judgment of Conviction and Sentence" entered by the family court on May 2, 2019.

DATED:  Honolulu, Hawaiʻi, June 3, 2021.

On the briefs:

Kori A. Weinberger,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Megan McDonald,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge