*** FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-20-0000714
23-NOV-2022
08:20 AM
Dkt. 27 OPA

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

GEORGE VAN BLYENBURG,
Petitioner/Defendant-Appellant.

SCWC-20-0000714

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-20-0000714; CASE NO. 1CPC-17-0000902)

NOVEMBER 23, 2022

RECKTENWALD, C.J., NAKAYAMA, AND EDDINS, JJ.,
AND WILSON, J., DISSENTING, WITH WHOM McKENNA, J., JOINS

OPINION OF THE COURT BY EDDINS, J.

**I.**

While driving on 'Aiea Heights Road, George Van Blyenburg hit a man who was weed whacking next to the street. Van Blyenburg kept driving, but several motorists stopped and tried

to help the man.  Shortly after Van Blyenburg hit him, the man died.

Van Blyenburg did not return to the scene of the collision. Instead, he drove to his friend's house nearby and parked in his friend's garage.  He covered the damaged front end of his Honda CRV with blankets and boxes.  Then, he went with his friend, in his friend's car, to Turtle Bay.

The State indicted Van Blyenburg for two crimes: (1) leaving the scene of an accident involving death or serious bodily injury, HRS § 291C-12 (2007 & Supp. 2015) (Count 1); and (2) negligent homicide in the second degree, HRS § 707-703(1)(b) (2014) (Count 2).

At trial, Van Blyenburg testified to "blacking out."  He remembers driving and then "just nothing" before being "jerk[ed]" awake by a "kind of metal bang."  Van Blyenburg said that he looked in his rearview mirror but did not see the man. He thought he'd hit a metal sign.  And he drove off because he didn't want to get stuck with paying to fix it.

The jury found Van Blyenburg guilty on both Count 1 and Count 2.

After the verdict, but before sentencing, Van Blyenburg moved to dismiss both counts.

Van Blyenburg argued Count 1 was defective because it was missing an essential element of the offense it charged.

HRS § 291C-12(a) requires drivers of vehicles involved in collisions resulting in serious bodily injury or death to "immediately stop the vehicle at the scene of the collision or as close thereto as possible."  The statute also provides that stops "shall be made without obstructing traffic more than is necessary." [1]  This "shall be made without obstructing traffic

---

[1]     HRS § 291C-12(a) reads:

> The driver of any vehicle involved in a collision resulting in serious bodily injury to or death of any person shall immediately stop the vehicle at the scene of the collision or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the collision until the driver has fulfilled the requirements of section 291C-14.  Every stop shall be made without obstructing traffic more than is necessary.

HRS § 291C-14 (2007 & Supp. 2015) reads:

> (a) The driver of any vehicle involved in a collision resulting in injury to or death of any person or damage to any vehicle or other property that is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the collision or to the driver or occupant of or person attending any vehicle or other property damaged in the collision and shall give the information and upon request exhibit the license or permit to any police officer at the scene of the collision or who is investigating the collision and shall render to any person injured in the collision reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if the carrying is requested by the injured person; provided that if the vehicle involved in the collision is a bicycle, the driver of the bicycle need not exhibit a license or permit to drive.

> (b) In the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under subsection (a), and no police officer is present, the driver of any vehicle involved in the collision after fulfilling all other requirements of section 291C-12, 291C-12.5, or 291C-12.6,

3

more than is necessary" language (the Traffic Proviso) was missing from the indictment. Relying on State v. Baker, 146 Hawaiʻi 299, 463 P.3d 956 (2020), Van Blyenburg argued this omission violated his due process rights because the proviso that stops "shall be made without obstructing traffic more than is necessary" is an attendant circumstance element of HRS § 291C-12(a).

Regarding Count 2, Van Blyenburg argued it was defective because it did not define "simple negligence."

A person commits negligent homicide in the second degree if they cause the death of "[a] vulnerable user by the operation of a vehicle in a manner that constitutes simple negligence as defined in section 707-704(2)." HRS § 707-703(1)(b) (emphasis added). The indictment said as much. But it didn't spell out the definition of "simple negligence." Van Blyenburg characterized "simple negligence" as an element of HRS § 707-703.[2] And he argued the indictment should have defined that

---

and subsection (a), insofar as possible on the driver's part to be performed, shall forthwith report the collision to the nearest police officer and submit thereto the information specified in subsection (a).

[2]    HRS § 707-703(1) reads:

(1) A person commits the offense of negligent homicide in the second  degree if that person causes the death of:

(a) Another person by the operation of a vehicle in a negligent manner; or

element in simple terms since its meaning is "not readily comprehensible to persons of common understanding."

The circuit court was not persuaded by Van Blyenburg's arguments. It denied Van Blyenburg's motion to dismiss as to both Counts 1 and 2.

Van Blyenburg appealed.

The Intermediate Court of Appeals (ICA) affirmed the circuit court in a summary disposition order.

In evaluating whether Van Blyenburg was adequately informed of the charges against him in Count 1 and Count 2, the ICA considered not only the indictment, but also the State's requested jury instructions, which were filed before Van Blyenburg's motion to dismiss.[3] The ICA's analysis was the same

---

        (b) A vulnerable user by the operation of a vehicle in a manner that constitutes simple negligence as defined in section 707-704(2).

[3] We have recognized "that in determining whether a defendant has been adequately informed of the charges against [them], the appellate court can consider other information in addition to the charge that may have been provided to the defendant . . . until the time defendant objected to the sufficiency of the charges." State v. Wheeler, 121 Hawai'i 383, 396, 219 P.3d 1170, 1183 (2009). The ICA relied on this principle in considering information provided to Van Blyenburg by the State's requested jury instructions in determining whether Van Blyenburg was adequately informed of the charges against him. This reliance was misplaced with respect to Count 1.

Charging documents "must sufficiently allege all of the essential elements of the offense charged." See State v. Jendrusch, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977). If a charging document omits an essential element of an offense, it "fail[s] to state an offense, and a conviction based upon it cannot be sustained" no matter what other information the defendant may have received from the State. See id.; see also State v. Israel, 78 Hawai'i 66, 73, 890 P.2d 303, 310 (1995) ("Just as the State must prove beyond a reasonable doubt all of the essential elements of the offense charged, the State is also required to sufficiently allege them and that

as to both counts.  The State's requested jury instructions included HRS § 291C-12(a)'s "[e]very stop shall be made without obstructing traffic more than is necessary" caveat and the complete statutory definition of "simple negligence."[4]  So, the ICA reasoned, Van Blyenburg had notice of what he had to defend against.  And the circuit court did not err in denying his motion to dismiss.

---

requirement is not satisfied by the fact that the accused actually knew them and was not misled by the failure to sufficiently allege all of them." (Cleaned up.)).

Given that the ICA treated the Traffic Proviso as an attendant circumstances element of HRS § 291C-12(a), it should not have looked beyond the four corners of the indictment in evaluating Van Blyenburg's arguments as to Count 1.  Only when a defendant alleges that a charging document which states an offense is nonetheless deficient because it inadequately informs the defendant of the nature and cause of the charges against them – as, for example, Van Blyenburg does with respect to Count 2 — may courts "consider other information in addition to the charge that may have been provided to the defendant . . . until the time defendant objected to the sufficiency of the charges."  Wheeler, 121 Hawai'i at 396, 219 P.3d at 1183.

[4]    The State filed and served its amended requested jury instructions on March 6, 2020, before Van Blyenburg testified.  Those amended requested jury instructions indicated that one of the four statutory elements of the offense of "Accidents Involving Death or Serious Bodily Injury" is that:

> The Defendant failed to immediately stop his vehicle at the scene of the accident, or as close thereto as possible and return to and remain at the scene of the accident, provided that every stop shall be made without obstructing traffic more than necessary . . . .

(Emphasis added.)  The ICA based its conclusion that Van Blyenburg knew what the State charged him with in Count 1 on these amended requested jury instructions.

The State's amended requested jury instructions – like its original requested jury instructions, filed in May 2018 — also recited the statutory definition of "simple negligence" found in HRS § 707-704(2) (2014).  The ICA based its conclusion that Van Blyenburg knew what the State charged him with in Count 2 on the original requested jury instructions.

Because the ICA held that the State's requested jury instructions apprised Van Blyenburg of the charges against him, it did not decide whether the indictment, standing alone, sufficiently informed Van Blyenburg of the crimes the State alleged he'd committed.

We do so now.

We hold that both Count 1 and Count 2 of the indictment gave Van Blyenburg adequate notice of what he had to defend against.

Regarding Count 1, Van Blyenburg is correct that without the Traffic Proviso the indictment cannot state a HRS § 291C-12(a) offense premised on the theory that Van Blyenburg stopped *near* — but not "as close as possible to" — the collision scene. But the Traffic Proviso is irrelevant to the question of whether Van Blyenburg violated HRS § 291C-12(a) by not stopping at all or by failing to comply with HRS § 291C-14. And the indictment — even without the Traffic Proviso — adequately states a HRS § 291C-12(a) violation premised on allegations that Van Blyenburg violated HRS § 291C-12 by altogether failing to stop (as opposed to stopping too far from the scene of the collision) and by failing to comply with HRS § 291C-14.

Count 2 is sufficient because "simple negligence" is a state of mind, not an element of HRS § 707-703. The State must

identify the requisite states of mind for each crime it charges. But it need not define them.

## II.

HRS § 291C-12(a) reads:

> The driver of any vehicle involved in a collision resulting in serious bodily injury to or death of any person shall immediately stop the vehicle at the scene of the collision or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the collision until the driver has fulfilled the requirements of section 291C-14. Every stop shall be made without obstructing traffic more than is necessary.

This statute "proscribes an offense that can be committed by factually alternative types of conduct." See State v. Batson, 73 Haw. 236, 249–50, 831 P.2d 924, 932 (1992). A driver could stop at the scene of the collision, but then transgress HRS § 291C-12(a)'s commands by refusing, for example, to share their name and vehicle registration information with an investigating police officer. A driver could also violate HRS § 291C-12(a) by stopping a ways away from a collision site and then taking a long time to return to the collision site for reasons other than the need to avoid obstructing traffic more than necessary. Or, like Van Blyenburg, a driver could break this law by failing to stop altogether.

Defendants "can be charged with having committed an offense in two different ways when [they are] alleged to have committed it in both ways." Batson, 73 Haw. at 250, 831 P.2d at 932.

8

Here, Count 1 of the State's wordy indictment[5] charged three alternative theories of <u>how</u> Van Blyenburg violated HRS § 291C-12(a):

> <u>COUNT 1</u>: On or about August 6, 2016, in the City and County of Honolulu, State of Hawai'i, GEORGE VAN BLYENBURG, as the driver of a vehicle involved in an accident resulting in serious bodily injury to or death of [decedent], with intent, knowledge, or reckless disregard of the substantial and unjustifiable risk that he was such a driver, did intentionally, knowingly, or recklessly <u>[1] fail to immediately stop the vehicle at the scene of the accident or [2] as close thereto as possible, and did intentionally, knowingly, or recklessly fail to forthwith return to and in every event remain at the scene of the accident and [3] fulfill the requirements of [3a] Section 291C-14(a) of the Hawai'i Revised Statutes and/or [3b] Section 291C-14(b) of the Hawai'i Revised Statutes</u>, thereby committing the offense of Accidents Involving Death or Serious Bodily Injury, in violation of Section 291C-12 of the Hawai'i Revised Statutes.[6]

---

[5]    As we recently put it:

> Charging documents are often rife with superfluous and unwieldy statutory language.  When it comes to informing defendants of the accusations they face, this legalese (though sometimes unavoidable) is no substitute for meaningful factual information about the charged violation. Details about the who, what, where, when, and how of the alleged offense help ensure defendants are properly informed of the charge they must defend against, and this court endorses these facts' inclusion in charging documents.

<u>State v. Garcia</u>, 152 Hawai'i 3, 8, 518 P.3d 1153, 1158 (2022).

[6]    Count 1 of the indictment concluded with the following discussion of Section 291C-14:

> Section 291C-14(a) of the Hawai'i Revised Statutes requires that the driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such

(Emphasis added.)

Van Blyenburg argues this indictment is inadequate because it did not inform him that the stops required by HRS § 291C-12(a) "shall be made without obstructing traffic more than is necessary."

In a very limited sense, we agree. To the extent that Count 1 alleges Van Blyenburg violated HRS § 291C-12(a) by stopping near the scene of the collision, but not near enough, it is inadequate.

Because of the Traffic Proviso, the phrase "as close thereto as possible" in HRS § 291C-12(a) has a statutory meaning that differs from its common definition. "As close thereto as

information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of the person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person; provided that if the vehicle involved in the accident is a bicycle, the driver of the bicycle need not exhibit a license or permit to drive. Section 291C-14(b) of the Hawai'i Revised Statutes requires that in the event that none of the persons specified is in condition to receive the information to which they otherwise would be entitled under Section 291C-14(a) of the Hawai'i Revised Statutes and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of Section 291C-12 of the Hawai'i Revised Statutes and Section 291C-14(a) of the Hawai'i Revised Statutes, insofar as possible on the driver's part to be performed, shall forthwith report the accident to the nearest police officer and submit thereto the information specified in Section 291C-14(a) of the Hawai'i Revised Statutes.

possible" as used in the statute may sometimes mean "the closest location to the accident scene that does not result in an unnecessary traffic obstruction." See Baker, 146 Hawai'i at 307, 463 P.3d at 964. This discrepancy means that the State cannot charge a violation of HRS § 291C-12(a) predicated on the theory that the defendant stopped near the scene of a collision, just not as near as the statute requires, without informing the defendant that stops mandated by HRS § 291C-12(a) "shall be made without obstructing traffic more than is necessary." See id. at 305-08, 463 P.3d at 962-65. Because Count 1 didn't advise Van Blyenburg of the Traffic Proviso, it did not state an HRS § 291C-12(a) offense based on the theory that Van Blyenburg stopped further from the collision than the law requires.

But Count 1 did adequately state a HRS § 291C-12(a) offense premised on allegations that Van Blyenburg: (1) altogether failed to stop in the proximity of the collision scene; and (2) failed to comply with HRS § 291C-14. The Traffic Proviso is irrelevant to these theories of the offense. The obstruction or non-obstruction of traffic has nothing to do, for example, with the State's ability to prove Van Blyenburg violated HRS § 291C-12(a) by failing to comply with HRS § 291C-14. For this reason, the indictment contained all of the "elements of the offense intended to be charged, and sufficiently apprise[d] the defendant of what [they] must be prepared to meet" despite its

11

omission of the Traffic Proviso.  See State v. Hitchcock, 123

Hawai'i 369, 376, 235 P.3d 365, 372 (2010).[7]

_____

[7]      With this holding, we clarify and limit Baker's scope.

    Baker concerned HRS § 291C-13 (2007 & Supp. 2015), which prohibits
leaving the scene of an accident involving vehicle or property damage.
Compare HRS § 291C-13 ("Collisions involving damage to vehicle or property")
with HRS § 291C-12 ("Collisions involving death or serious bodily injury").
HRS § 291C-13's mandates are identical to those of HRS § 291C-12(a).  It
requires drivers to stop, to stay at, or return to, the scene of a collision,
and to comply with HRS § 291C-14.  And like HRS § 291C-12(a), HRS § 291C-13
states that the stops it requires "shall be made without obstructing traffic
more than is necessary."

    The facts at issue in Baker were very different than those of this
case.  And not just because the collision in Baker involved property damage,
not loss of life.  Baker wasn't a traditional hit-and-run.  The State's
evidence showed that though Baker hadn't stopped and remained at the accident
scene, she did eventually stop, away from the scene, and out of traffic.  And
at trial, the State didn't prove that Baker shirked her responsibilities
under HRS § 291C-14: the evidence showed Baker had called the police and
spoke with an officer after the crash.

    With these unusual facts in the background, the Baker court held that
the State's complaint failed to state an offense because it did not specify
"that Baker did not stop either at the accident scene or stop at the location
closest to the accident scene and forthwith return thereto without
obstructing traffic more than is necessary."  146 Hawai'i at 308, 463 P.3d at
965 (emphasis added).  Though our holding that the omission of the "without
obstructing traffic more than is necessary" language rendered the complaint
inadequate was made in general terms, the specifics of Baker's facts infused
our analysis.  For instance, in explaining the complaint's failure to state
an offense, we noted that "[t]he State must prove that the defendant, by
failing to stop as close to the scene of the accident as possible or
forthwith return, could have done so without obstructing traffic more than is
necessary."  Id.  This analysis is inapplicable in a case like Van
Blyenburg's where the State's evidence and allegations concern neither the
location of a defendant's stop (because the State alleges there was no stop)
nor the timing of the defendant's return to the accident scene (because the
State alleges there was no return).

    Because our analysis of the sufficiency of the complaint in Baker was
animated by the fine points of that case, it did not adequately account for
the fact that HRS § 291C-13 (like HRS § 291C-12(a)) "proscribes an offense
that can be committed by factually alternative types of conduct."  See
Batson, 73 Haw. at 249-50, 831 P.2d at 932.  Baker cogently explains why a
charging document alleging a violation of HRS § 291C-13 (or HRS § 291C-12(a))
predicated on a defendant's failure to either stop as close as possible to a
collision scene or forthwith return to a collision scene must indicate that
stops required by the relevant statute are to be made "without obstructing
traffic more than is necessary."  But its context-specific analysis provides
no justification for extending this requirement to situations where the State

## III.

Van Blyenburg argues that "simple negligence" is an element of negligent homicide in the second degree.  And that because the meaning of "simple negligence" is unintuitive, Count 2 should have defined it.  The indictment's omission of a definition for "simple negligence," Van Blyenburg maintains, violated his right to due process.

Van Blyenburg is wrong.

"Simple negligence" is the *state of mind* for negligent homicide in the second degree, HRS § 707-703(1)(b).[8]  Drivers commit the crime when they cause the death of a "vulnerable user. . . in a manner that constitutes simple negligence as defined in [HRS] section 707-704(2)."  HRS § 707-703(1)(b). Like the four familiar states of mind defined in HRS § 702-206 – intentionally, knowingly, recklessly, and negligently - simple negligence is styled as a mental disposition that animates a crime's conduct, attendant circumstance, and result of conduct elements.[9]  But it is not itself an element.

---

alleges an HRS § 291C-13 (or HRS § 291C-12(a)) offense predicated on either a defendant's alleged total failure to stop in proximity to the accident scene or non-compliance with HRS § 291C-14.

[8]    See HRS § 702-206 (2014) cmt. ("[T]he legislature also added to the Code the offense of negligent homicide in the second degree, set forth in [HRS] § 707-704, which introduces a less culpable state of mind called 'simple negligence' – essentially a civil standard of negligence."  (Emphasis added.))

[9]    HRS § 707-704(2) reads:

A charging document <u>must</u> allege the correct state of mind for each element of a crime.[10]  <u>See</u> <u>State v. Nesmith</u>, 127 Hawai'i 48, 56, 276 P.3d 617, 625 (2012) (holding that state of mind, "though not an 'element of an offense,'" must be included in the charges "to alert the defendants of precisely what they needed to defend against to avoid a conviction").  But it need not separately declaim the statutory definitions of these states of mind.

----

(2) "Simple negligence" as used in this section:

    (a) A person acts with simple negligence with respect to the person's conduct when the person should be aware of a risk that the person engages in that conduct.

    (b) A person acts with simple negligence with respect to attendant circumstances when the person should be aware of a risk that those circumstances exist.

    (c) A person acts with simple negligence with respect to a result of the person's conduct when the person should be aware of a risk that the person's conduct will cause that result.

    (d) A risk is within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of the person's conduct and the circumstances known to the person, involves a deviation from the standard of care that a law-abiding person would observe in the same situation.

[10]  <u>See</u> <u>State v. Maharaj</u>, 131 Hawai'i 215, 219, 317 P.3d 659, 663 (2013) (observing that "state of mind is an 'essential fact' that must be pled under HRPP Rule 7(d)" and that "if a charge is insufficient under HRPP Rule 7(d), then a conviction based upon the charge cannot be sustained, for that would constitute a denial of due process" (cleaned up)).

We hold that the State did not need to recite the definition of simple negligence in its indictment. Count 2 withstands challenge.

**IV.**

Notice plays the central role in our analyses of charging documents' adequacy. The Fifth Amendment's Due Process Clause and article I, section 5 of the Hawai'i Constitution protect defendants' right to be aware of both the charges they face and the nature of the proof necessary to sustain those charges. The Sixth Amendment and article I, section 14 of the Hawai'i Constitution likewise require that defendants "be informed of the nature and cause" of the accusations they face.

The purpose of these notice requirements is not to facilitate obtuse technical arguments about what is and what is not an element of a crime, or about what complex statutory definitions should or should not be included in a charging document. It is, rather, to safeguard an accused's fundamental right to know what they must defend against to avoid conviction.

Van Blyenburg knew this was a hit and run case. The indictment told him so. He also knew that, to prove his guilt, the State would have to show he caused the death of a "vulnerable user by the operation of a vehicle <u>in a manner that</u> <u>constitutes simple negligence as defined in section 707-704(2)</u>." Van Blyenburg has not shown the State's indictment violated his

right to know the "nature and cause" of the accusations against him.  Haw. Const. art. 1, § 14.  For this reason, we affirm the ICA's January 10, 2022 Judgment on Appeal and the October 28, 2020 Judgment of Conviction and Sentence in the Circuit Court of the First Circuit.

| | |
|---|---|
| Emmanuel G. Guerrero<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Donn Fudo<br>for respondent | /s/ Todd W. Eddins |

