NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000499**
**06-OCT-2023**
**08:01 AM**
**Dkt. 63 SO**

NO. CAAP-22-0000499

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ALEXANDER AQUINO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-21-0000757)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Alexander Aquino (**Aquino**) appeals

from the Judgment of Conviction and Sentence (**Judgment**), for

Unlawful Imprisonment in the First Degree (**Unlawful

Imprisonment**) in violation of Hawaii Revised Statutes (**HRS**)

§ 707-721 (2014), entered by the Circuit Court of the Third

Circuit[1] on July 22, 2022.[2]  Aquino asserts two points of error

---

[1]    The Honorable Wendy M. DeWeese presided.

[2]    Aquino was charged by Information and Non-Felony Complaint
(**Information**) with Unlawful Imprisonment (**Count 1**), and Persistent Nonsupport

(continued . . .)

on appeal: (1) the circuit court erred in denying his motion to dismiss Count 1 with prejudice (**Motion to Dismiss**), for failure to sufficiently charge the offense of Unlawful Imprisonment; and (2) the circuit court erred in finding him guilty of Unlawful Imprisonment because the State failed to present sufficient evidence at trial to establish that he knowingly restrained his stepson, L.R., under circumstances that exposed L.R. to the risk of serious bodily injury.

Upon careful review of the record, the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we vacate the Judgment and remand for dismissal with prejudice.

(1) We first review Aquino's contention that the circuit court erred in denying his Motion to Dismiss for failure to sufficiently charge all of the elements of Count 1, Unlawful Imprisonment. "Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong, standard." State v. Wheeler, 121 Hawai‘i 383, 390, 219 P.3d 1170, 1177 (2009) (cleaned up). When a criminal defendant challenges the sufficiency of a charge in a timely manner, an appellate court

---

(. . . continued)
under HRS § 709-903(1) (2014) (**Count 2**). A two-day jury-waived trial was held in April 2022. After the conclusion of trial, the circuit court issued its verdict, finding Aquino guilty of Count 1 and not guilty of Count 2. The circuit court subsequently issued Findings of Fact and Conclusions of Law Following Bench Trial, issued its Judgment, and sentenced Aquino to a term of imprisonment.

2

will uphold that charge if: (1) it contains the elements of the offense; and (2) it sufficiently apprises the defendant of what the defendant must be prepared to meet. State v. Mita, 124 Hawaiʻi 385, 390, 245 P.3d 458, 463 (2010). "The relevant inquiry, therefore, is whether or not the charge [has] provided the accused with fair notice of the [offense's] essential elements." Id. (citation omitted). "In general, where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." Wheeler, 121 Hawaiʻi at 393, 219 P.3d at 1180 (cleaned up). However, "where the definition of an offense ... includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species ... and descend to particulars." Id. (cleaned up).

HRS § 707-721 (2014) provides, in relevant part:

(1)  A person commits the offense of unlawful imprisonment in the first degree if the person knowingly restrains another person under circumstances which expose the person to the risk of serious bodily injury.

"Restrain" means to restrict a person's movement in such a manner as to interfere substantially with the person's liberty:

> (1)    By means of force, threat, or deception; or
>
> (2)    If the person is under the age of eighteen or incompetent, without the consent of the relative, person, or institution having lawful custody of the person.

HRS § 707-700 (2014).

The Unlawful Imprisonment charge against Aquino stated:

> On or about the August 1, 2020 through August 21, 2021, in Kona, County and State of Hawaiʻi, ALEXANDER AQUINO, as a principle or accomplice, knowingly restrained another person, L.R., a minor born in June of 2007, under circumstances which exposed L.R. to the risk of serious bodily injury, thereby committing the offense of Unlawful Imprisonment in the First Degree, in violation of Section 707-721(1)(a) [sic], Hawaiʻi Revised Statutes, as amended.

The essential elements of an offense are "conduct," "attendant circumstances," and "results of conduct," specified by the definition of the offense, and that negative a defense (other than the statute of limitations, lack of venue, or lack of jurisdiction).  HRS § 702-205 (2014).  "Restraint" is the conduct element of Unlawful Imprisonment.  State v. Sheffield, 146 Hawaiʻi 49, 56, 456 P.3d 122, 129 (2020).

"[A]n attendant circumstance is essentially a circumstance that exists independently of the actor's conduct." Wheeler, 121 Hawaiʻi at 392, 219 P.3d at 1179 (cleaned up).  If the subject of the restraint is under the age of eighteen (as was L.R. in this case), the statutory definition of "restrain" potentially adds an attendant circumstances element to the offense: "without the consent of the relative, person, or

4

institution having lawful custody of the person."[3]  This attendant circumstances element was not set forth in Aquino's charge.[4]  Accordingly, the charge was insufficient, and should have been dismissed.

(2) Aquino challenges the sufficiency of the evidence supporting his conviction for Unlawful Imprisonment. Notwithstanding our conclusion that the charge was defective, it is necessary to address the sufficiency of the evidence in order

---

[3]    HRS § 707-700 (2014) defines "restrain" by setting forth two separate means "to restrict a person's movement in such a manner as to interfere substantially with the person's liberty."  The first is to restrict "[b]y means of force, threat, or deception[.]"  The second, alternative definition of restrain "if the person [restrained] is under the age of eighteen or incompetent," is to restrict "without the consent of the relative, person, or institution having lawful custody of the person."  Where the subject of the alleged restraint is a minor or incompetent, the State can potentially charge the defendant pursuant to either or both definitions of restrain.

[4]    The declaration of HCPD [Hawaiʻi County Police Department] police detective Brandon Mansur filed (under seal) along with, but not attached to, the information and non-felony complaint, appears to indicate that L.R.'s mother, Amy Aquino, consented to Alexander Aquino's restraint of L.R.  This does not cure the insufficiency of the charging document because it was possible that the State, which had charged Aquino with "knowingly restrain[ing]" "a minor," could nevertheless have attempted to set forth a theory at trial that restraint of L.R. was without mother's consent.

> Charging documents must sufficiently allege all of the essential elements of the offense charged.  If a charging document omits an essential element of an offense, it fails to state an offense, and a conviction based upon it cannot be sustained no matter what other information the defendant may have received from the State.

> Given that the ICA treated the Traffic Proviso as an attendant circumstances element of HRS § 291C-12(a), it should not have looked beyond the four corners of the indictment in evaluating Van Blyenburg's arguments as to Count 1.

State v. Van Blyenburg, 152 Hawaiʻi 66, 70 n.3, 520 P.3d 264, 268 n.3 (2022) (cleaned up).

5

to determine whether Aquino may be recharged and retried. State v. Davis, 133 Hawai'i 102, 104, 324 P.3d 912, 914 (2014) ("a reviewing court is required to address an express claim of insufficiency of the evidence prior to remanding for a new trial based on a defective charge"). Under HRS § 707-721(1) (2014), the State had the burden of proving at trial that Aquino "knowingly restrain[ed] [L.R.] under circumstances which expose[d] [L.R.] to the risk of serious bodily injury." Aquino specifically challenges findings of fact (**FOF**) 15, 16, 17, 26, and 27, which find that,

> 15. The Defendant clearly knew of [L.R.'s] fall and that an injury had resulted. And, while L.R. testified he does not know why he decided to climb off the porch and that it was a random impulse, the fact remains **the escape attempt and fall resulting in injury occurred while L.R. was being chained up by both parents in the same manner as he was between August 1, 2020 and August 21, 2021.**
>
> 16. Also, L.R. testified that he repeatedly told both Defendant and his mother he did not like being chained up. Yet despite this Defendant and [mother] continued to chain up L.R., even after his fall in 2020.
>
> 17. Thus, **the evidence shows Defendant knew the risk of harm associated with continuing to chain up L.R.** after the 2020 escape and fall, **namely that L.R. might attempt to escape again by climbing off the lanai and hurt himself.**
> . . .
>
> 26. Further, **the Court finds beyond a reasonable doubt that Defendant knew L.R. was exposed to the risk of another fall off of the lanai as had happened in 2020.** The circumstances that existed at the time of the 2020 fall continued to exist between August 1, 2020 and August 21, 2021. Defendant was still requiring L.R. to be chained. L.R. was still prohibited from being in the house without Defendant[']s permission. L.R. was still subjected to yelling and discipline by Defendant. The only exit off the lanai still was only through the house, where L.R. was not allowed to be without Defendant[']s permission. L.R. had repeatedly

6

told Defendant he did not like being chained up. And, L.R. had in fact fallen off the lanai while trying to escape once before, resulting in serious bodily injury.

27. **The credible evidence shows beyond a reasonable [sic] Defendant knew that he was exposing L.R. to the risk of serious bodily injury when he continued to restrain L.R. on the lanai** between August 1, 2020 and August 21, 2021.

(Emphasis added.)

We review Aquino's contention of error under the following standard of review,

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted).

"Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. at 49, 237 P.3d at 1115 (citation omitted). In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

We conclude that the record does not contain sufficient evidence to support Aquino's Unlawful Imprisonment conviction. L.R. testified at trial that, from the time he was

"[t]en, eleven, or twelve," Aquino and L.R.'s mother would chain him to the porch by wrapping and padlocking one end of a metal chain around his neck, and padlocking the other end of the chain to the porch. When wrapped around L.R.'s neck, L.R. testified that "[the chain] would be about 6 or 7 inches long so I would still have a good amount of move space for my head to get into comfort." L.R. would be chained at night, and "let loose during the day." L.R. "didn't like having to be chained up," and told this to Aquino "[a] [c]ouple times."

The porch was situated approximately 17 feet above the ground. L.R. fell from the porch and injured his back in 2020. He had been, at the time, released from the chain for dinner. L.R. explained that, "I don't know what came over me, but I decided to try to jump off the porch so tried that[,]" and "[I] kind of tried to climb down but I slipped and fell off." When questioned further as to why he tried to "jump down or get down" from the porch, L.R. testified that, "I forget, to be honest. I don't even think I knew why. Just a random impulse."

L.R. sustained an injury to his back as a result of the fall. The record shows that Aquino was aware of L.R.'s injury, and allowed him to remain unchained for a period of time, after which Aquino resumed chaining L.R. at night. L.R. again climbed down from the porch in August 2021, this time

without injury, and subsequently "ran away" and hitchhiked. L.R. testified that he ran away because he "was tired of being chained up."

The record evidence set forth above shows that L.R. injured himself in 2020 jumping down from the porch, on "a random impulse," while *unchained.* L.R. did not, indeed could not (because of the length of the chain and its location on the porch), have climbed down from the porch while chained. The finding that "the [2020] escape attempt and fall resulting in injury *occurred while L.R. was being chained up*" (FOF 15) (emphasis added), is thus clearly erroneous and not supported by sufficient evidence. The record evidence does not support a reasonable and rational inference that Aquino's act of chaining L.R. was "under circumstances" that "exposed" L.R. to "the risk of serious bodily injury."[5]

We conclude that FOFs 15, 16, 17, 26, and 27, and Aquino's conviction for Unlawful Imprisonment, are not supported

---

[5] "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." HRS § 707-700 (2014). Although L.R. testified that he "didn't like having to be chained up[,]" he also testified that the chain did not hurt him. He testified that nothing had happened to him while he was chained, aside from "a slap" and being "whacked . . . on my legs if something got broken, but that was before I was almost always chained up."

by sufficient evidence.  We therefore vacate the Judgment and remand for dismissal with prejudice.

DATED:  Honolulu, Hawaiʻi, October 6, 2023.

On the briefs:

R. Hermann Heimgartner,
For Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge