**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000729
06-JUN-2025
08:05 AM
Dkt. 56 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

IN THE INTEREST OF J.B.

NO. CAAP-22-0000729

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0115174)

JUNE 6, 2025

LEONARD, ACTING CHIEF JUDGE, AND WADSWORTH AND NAKASONE, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

This appeal stems from the Family Court of the First Circuit's adjudication of Minor-Appellant J.B. (**Minor**) as a law violator for assaulting another minor, the complaining witness (**CW**).[1] Minor appeals from the following decree and orders entered by the family court: (1) the September 26, 2022 "Decree Re: Law Violation Petition(s)" (**Decree**); (2) the November 22, 2022 "Order Denying Motion for Reconsideration Filed October 4, 2022"; and (3) the November 22, 2022 "Order Re Disposition Hearing." Following a bench trial, the family court adjudicated Minor a law violator as to one count of Assault in the Third

---

[1] The Honorable Jessi L.K. Hall presided.

Degree under Hawaii Revised Statutes (**HRS**) § 707-712(1)(a).[2]

On appeal, Minor contends that: (1) the family court erred in denying his June 13, 2022 Motion to Dismiss Petition Based Upon Defective Charge (**Motion to Dismiss**), where Petitioner-Appellee State of Hawaii's (**State**) petition against Minor (**Petition**) failed to define or specify the alleged "bodily injury" caused by Minor; and (2) "there was insufficient evidence to sustain the adjudication of the petition of assault in the third degree." (Formatting altered.) Minor also summarily challenges multiple findings of fact (**FOFs**) and conclusions of law in the family court's January 17, 2023 Findings of Fact and Conclusions of Law.

We hold that the term "bodily injury" in HRS § 707-712(1)(a) is a generic term, as defined by the Hawaiʻi Supreme Court in State v. Jardine, 151 Hawaiʻi 96, 99, 508 P.3d 1182, 1185 (2022). A charging document must therefore identify the "species" of the alleged "bodily injury" and, as appropriate, provide a defendant "with particulars." Id. at 98, 508 P.3d at 1184. Here, the Petition failed to meet the Jardine standard. In addition, the record does not establish that discovery materials given to Minor before he filed the Motion to Dismiss provided him with sufficient notice of the CW's bodily injury. The family court therefore erred in denying the Motion to Dismiss.

Before remanding the case for dismissal based on the defective Petition, we must also address, for double jeopardy purposes, Minor's express claim of insufficiency of the evidence. See State v. Davis, 133 Hawaiʻi 102, 120, 324 P.3d 912, 930 (2014). As to that claim, viewing the record in the light most favorable to the State, we hold there was sufficient evidence to

---

[2]    HRS § 707-712 (2014) states, in relevant part:

>      (1) A person commits the offense of assault in the third degree if the person:
>
>      (a)    Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

HRS § 707-700 (2014) states, in relevant part: "'Bodily injury' means physical pain, illness, or any impairment of physical condition."

2

support the family court's adjudication of Minor as a law violator on the count of Assault in the Third Degree.

Accordingly, we vacate the challenged Decree and orders with instructions to dismiss the Petition without prejudice.

## I. Background

On April 29, 2020, the State filed the Petition pursuant to HRS § 571-11(1),[3/] alleging the following:

> On or about November 8, 2019, in the City and County of Honolulu, State of Hawaiʻi, [Minor] did intentionally, knowingly, or recklessly cause bodily injury to [CW], thereby committing the offense of Assault in the Third Degree, in violation of [HRS §] 707-712(1)(a) . . . .

On June 13, 2022, Minor filed the Motion to Dismiss. Relying on Jardine, he argued that the term "bodily injury" is a generic term, such that the State was required to include the term's statutory definition in "the charging document," and "[to] state the species . . . and descen[d] to particulars." (Quoting Jardine, 151 Hawaiʻi at 100, 508 P.3d at 1186 (original brackets and internal quotation marks omitted).)

On July 11, 2022, the State filed a memorandum in opposition to the Motion to Dismiss. The State did not address Minor's argument based on Jardine, contending instead that "all of the information supplied to the accused prior to the filing of their motion must be considered when determining whether they have been given fair notice of the charge against them[.]" The State further argued: "[Minor] was provided with discovery in this case on March 2, 2022. That discovery contained the specific injury that formed the basis of the bodily injury supporting the charge. Therefore, Minor has been given fair notice of the charge against him . . . ."

---

   [3/]    Minor comes within the purview of HRS § 571-11 (2018), which states, in relevant part:

> Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
>
> (1)   Concerning any person who is alleged to have committed an act prior to achieving eighteen years of age that would constitute a violation or attempted violation of any federal, state, or local law or county ordinance.

On August 15, 2022, the family court heard and orally denied the Motion to Dismiss. The court reasoned:

> [I]n Jardine, there was a list of classes or levels of harm that needed to be identified. We do not have that situation in this case. Assault Third is any bodily injury, which . . . is not a generic term. Court finds the petition does state the charge with reasonable clarity.

Trial began the same day and continued on September 26, 2022. The testifying witnesses included CW and RB, a passerby who witnessed the alleged assault. CW identified Minor as one of the boys who hit and physically hurt him.

Following the trial testimony, the family court ruled as follows:

> After full consideration of the evidence and/or representations presented, the Court finds that the State's witnesses to be [sic] credible. The State has met their burden of proving the material allegations of the case beyond a reasonable doubt, specifically with regards to referral of Assault in the Third Degree.
>
> The Court finds that the minor is adjudged a law violator pursuant to [HRS] Chapter 571.

The Decree similarly stated: "[T]he Court finds that the material allegations of the [P]etition[] have been proved beyond a reasonable doubt and that the [M]inor is a law violator within the purview of HRS Section 571-11(1)."

On November 22, 2022, the family court denied Minor's Motion for Reconsideration, filed on October 4, 2022, and placed Minor on probation with rules and conditions.

## II. Standards of Review

### A. Sufficiency of the Charge

"The question of whether a charge sets forth all the essential elements of a charged offense is a question of law that this court reviews de novo under the right/wrong standard." Jardine, 151 Hawaiʻi at 99, 508 P.3d at 1185 (citing State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009)).

### B. Sufficiency of the Evidence

We review the sufficiency of evidence on appeal as

4

follows:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but _whether_ there was substantial evidence to support the conclusion of _the trier of fact_.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.  Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

In re GH, 152 Hawaiʻi 8, 14, 518 P.3d 1158, 1164 (2022) (quoting State v. Xiao, 123 Hawaiʻi 251, 257, 231 P.3d 968, 974 (2010)).

### III. Discussion

### A.  Sufficiency of the Charge

Minor contends that the family court erred in denying the Motion to Dismiss, where the Petition was deficient under the standard applied in Jardine, 151 Hawaiʻi at 100-01, 508 P.3d at 1186-87.  In Jardine, the supreme court held that the term "substantial bodily injury" in HRS § 707-711(1)(a) and (d) is "generic," such that "[a] charging document must . . . identify the species of 'substantial bodily injury' alleged, and provide a defendant with particulars."  Id. at 98, 508 P.3d at 1184.  Minor argues that the term "bodily injury" in HRS § 707-712(1)(a) is similarly generic, such that the State was required to include the statutory definition of the term and other relevant specifics in the Petition.

The State does not address Minor's contention regarding the deficiency of the Petition under Jardine.  Instead, as it did below, the State argues that other information provided to Minor before he filed the Motion to Dismiss gave Minor "actual knowledge that physical pain was the nature of the bodily injury[,]" such that Minor was not deprived of the right "to be informed of the nature and cause of the accusation" against him.

In Jardine, the supreme court reiterated:  "[W]here the definition of an offense includes generic terms, it is not sufficient that the [charging document] shall charge the offense

5

in the same generic terms as in the definition; but it must state the species and descend to particulars." Id. at 100, 508 P.3d at 1186 (ellipses and original brackets omitted) (quoting State v. Israel, 78 Hawaiʻi 66, 73, 890 P.2d 303, 310 (1995)). The court defined "generic" as follows: "A term is 'generic' if it 'relates to or is characteristic of a whole group or class.'" Id. (brackets omitted) (quoting Webster's Seventh New Collegiate Dictionary 348 (1965)). Applying this definition, the court determined that "[a]s statutorily defined, 'substantial bodily injury' is a generic term that covers five 'classes' of injuries[.]"[4/] Id.

The term "bodily injury" in HRS § 707-712(1)(a) is similarly generic. As statutorily defined, it covers three classes of injuries: "physical pain, illness, or any impairment of physical condition." HRS § 707-700. "Thus, it is incumbent upon the State to "state the species" and, as appropriate, to "descend to particulars." Id. at 101, 508 P.3d at 1187 (quoting Israel, 78 Hawaiʻi at 73, 890 P.2d at 310).

Here, this standard required the State at least to identify the species of alleged bodily injury caused by Minor, i.e., to allege in the Petition that the bodily injury consisted of "physical pain," in order to provide sufficient notice. Id. (citing State v. Wells, 78 Hawaiʻi 373, 379-80, 894 P.2d 70, 76-77 (1995)). This level of specificity was all the more important in this case, where Minor was allegedly one of three boys who attacked CW. "The inclusion of such information would apprise [Minor] of what [he] must be prepared to meet." Id. (citing Wells, 78 Hawaiʻi at 379-80, 894 P.2d at 76-77). The family

---

[4/] HRS § 707-700 defines "substantial bodily injury" as "bodily injury which causes":

    (1)    A major avulsion, laceration, or penetration of the skin;

    (2)    A burn of at least second degree severity;

    (3)    A bone fracture;

    (4)    A serious concussion; or

    (5)    A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

court therefore erred in ruling that "bodily injury" is not a generic term and the State was not required to identify the species of bodily injury alleged.

Nonetheless, the State contends that "[t]he record unique to this case supports the conclusion that Minor had actual knowledge of the nature of the bodily injury, and as such, Minor was not deprived of his right 'to be informed of the nature and cause of the accusation . . . .'"  (Quoting Haw. Const. Art. 1, § 14.)

The supreme court has recognized "that in determining whether a defendant has been adequately informed of the charges against them, the appellate court can consider other information in addition to the charge that may have been provided to the defendant until the time defendant objected to the sufficiency of the charges."  State v. Van Blyenburg, 152 Hawaiʻi 66, 70 n.3, 520 P.3d 264, 268 n.3 (2022) (brackets and ellipsis omitted) (quoting Wheeler, 121 Hawaiʻi at 396, 219 P.3d at 1183).  However, "[o]nly when a defendant alleges that a charging document which states an offense is nonetheless deficient because it inadequately informs the defendant of the nature and cause of the charge against them" may courts consider such information. Id. (quoting Wheeler, 121 Hawaiʻi at 396, 219 P.3d at 1183).

Here, the Petition sufficiently alleged the essential elements of Assault in the Third Degree, *i.e.*, that (1) Minor caused bodily injury to CW, and (2) he did so intentionally, knowingly, or recklessly.  See HRS § 707-712(1)(a).  In these circumstances, where Minor contends that the Petition was nonetheless deficient because it inadequately informed him of the nature and cause of the allegations against him, we may "consider other information in addition to the [allegations] that may have been provided to [Minor] . . . until the time [Minor] objected to the sufficiency of the [allegations]."  Van Blyenburg, 152 Hawaiʻi at 70 n.3, 520 P.3d at 268 n.3 (quoting Wheeler, 121 Hawaiʻi at 396, 219 P.3d at 1183).

In opposing the June 13, 2022 Motion to Dismiss, the State argued generally that "Minor was provided the discovery in the case on March 2, 2022[,]" and "[t]hat discovery contained the

specific injury that formed the basis of the bodily injury supporting the charge." However, the referenced discovery, or any included information describing or portraying CW's injury, is not part of the record. In its answering brief, the State further argues that Minor's May 9, 2022 list of witnesses and exhibits included an entry for "written statements, photographs, [and] any documents and/or material identified in [the relevant] police report . . . ." (Original brackets omitted.) The State asserts that these materials included photographs of CW that revealed his injury. But none of these materials, or any description of them, appear to be part of the pre-Motion to Dismiss record. In short, the record does not establish that Minor was "fully informed of the nature and cause of the accusation against him" before he filed the Motion to Dismiss. Wheeler, 121 Hawaiʻi at 396, 219 P.3d at 1183 (quoting State v. Treat, 67 Haw. 119, 120, 680 P.2d 250, 251 (1984)).

The family court therefore erred in denying the Motion to Dismiss. In these circumstances, the Decree must be vacated and on remand, the family court must dismiss the Petition without prejudice. See State v. Pacquing, 139 Hawaiʻi 302, 308-09, 389 P.3d 897, 903-04 (2016) ("Because the complaint against [the defendant] is legally insufficient, it is dismissed without prejudice."); Wheeler, 121 Hawaiʻi at 386, 219 P.3d at 1173 (affirming this court's judgment, which vacated and remanded the case with instructions to dismiss without prejudice, because the charge was deficient).

## B. Sufficiency of the Evidence

We review the sufficiency of the evidence presented at trial because Minor also expressly contends there was insufficient evidence to support the family court's adjudication of Minor as a law violator as to the count of Assault in the Third Degree. See Davis, 133 Hawaiʻi at 120, 324 P.3d at 930 (holding that the double jeopardy clause of article I, section 10 of the Hawaiʻi Constitution requires an appellate court to address a defendant's express claim of insufficiency of the evidence before remanding for dismissal based on a defective

charge"); Schwartz v. State, 136 Hawaiʻi 258, 265, 361 P.3d 1161, 1168 (2015) (same).

The State was required to prove beyond a reasonable doubt that Minor "intentionally, knowingly, or recklessly cause[d] bodily injury to [CW.]"  See HRS § 707-712(1)(a).  At trial, CW testified that on September 13, 2021, he "was walking to Wendy's" in "Ka Makana," a shopping mall in Kapolei.  "There were three boys . . . walking up to me.  And I recognized one of 'em, and then I shaked [sic] his hand.  One of the boys I didn't recognize sideblind me . . . [h]it me . . . while I wasn't paying attention . . . [i]n my face."  This "hurt" physically.  CW testified that after being "sideblinded," "[t]hey all started hitting me . . . I know they were hitting me in my face."  Asked how he knew all three boys were hitting him, CW responded, "'Cause I felt . . . different body parts getting hit, like . . . my side of my body and my face and, like, somebody was kicking me."  Getting hit "hurt" physically.  CW suffered a "lump on [his] head and a black eye."  A photo of CW showing his injuries was admitted into evidence.  CW identified Minor as one of the boys who hit him.

RB, who witnessed the incident, also testified.  He identified Minor as one of the boys who struck CW.

The family court found "the State's witnesses credible."  The family court further found in FOFs 27 and 28: (1) "there was conflicting testimony as to who 'side blinded' [CW]," but "Minor did assault [CW] while he was on the ground"; and (2) "[CW] physically felt hurt, or physical pain due to the hits and kicks he received from all three minors while on the ground."

Minor's arguments on appeal go to CW's credibility and the weight of the evidence.  He asserts that CW improperly "assumed that [Minor] inflicted bodily injury upon him" based on what he felt, and the State failed to prove Minor "caused a specific bodily injury to . . . CW."  We "will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge."  State v. Eastman, 81 Hawaiʻi 131,

139, 913 P.2d 57, 65 (1996).  Minor summarily lists FOFs 8, 10, 12, 14, 22, 27, 28, and 32 as "points on appeal," but presents no discernible argument as to why each FOF is clearly erroneous. "This court is not obliged to address matters for which the appellants have failed to present discernible arguments."  Hussey v. Say, 139 Hawaiʻi 181, 191, 384 P.3d 1282, 1292 (2016) (quoting Exotics Hawaiʻi-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi ʻ277, 288, 172 P.3d 1021, 1032 (2007)); see HRAP Rule 28(b)(7).

Viewing all of the evidence in the light most favorable to the State, we conclude there was substantial evidence that Minor intentionally, knowingly, or recklessly caused bodily injury to CW.  Accordingly, the evidence was sufficient to support the family court's adjudication of Minor as a law violator as to the Petition.

## IV. Conclusion

For the reasons discussed above, we vacate the following, entered in the Family Court of the First Circuit:  (1) the September 26, 2022 "Decree Re: Law Violation Petition(s)"; (2) the November 22, 2022 "Order Denying Motion for Reconsideration Filed October 4, 2022"; and (3) the November 22, 2022 "Order Re Disposition Hearing."  This case is remanded to the family court with instructions to dismiss the Petition without prejudice.

On the briefs:

Randal I. Shintani
for Minor-Appellant

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

10